JOHN W. DRAPER *vs.* BENJAMIN J. MANN `& others.

Worcester. March 25. — April 9, 1875. AMES & DEVENS, JJ., absent.

A. made a note, payable to B. in instalments, secured by a mortgage of land. Upon the failure of A. to pay three instalments, B. brought an action at law against him on the note, and attached other property, and afterwards, the fourth instalment not being paid when due, sold the land under a power contained in the mortgage, which authorized him to sell, and out of the proceeds to retain and pay the principal and interest then unpaid on said sums. The proceeds of the sale were insufficient to pay the note in full. B. then brought a bill in equity against A., alleging that A. was insolvent and contended that the proceeds of the sale should be first applied to the payment of the instalments for which the action at law was brought. The bill prayed that B. might be permitted to take judgment in the suit at law for the difference between the whole amount of the note and the amount realized from the sale. *Held,* that the plaintiff was not obliged to apply the proceeds of the sale to the instalments first due, and that the bill disclosed no ground of relief in equity.

BILL IN EQUITY, filed August 10, 1874, against Benjamin J. Mann, John C. Lloyd and C. B. Lloyd, formerly copartners doing business under the firm of Mann & Lloyd, and alleging the following facts :

On January 2, 1871, the firm, for value received, made and delivered to the plaintiff its promissory note for $4500, and promised to pay him the same in instalments falling due every successive six months after date, with interest at the rate of eight per cent. a year, payable semiannually ; and at the same time, to secure the payment of the note, made a mortgage to the plaintiff of certain real estate. By a power of sale contained in the mortgage, it was provided that if default should be made in the payment of said sums of money, or any part thereof, or the interest thereon, then in case of any such default, the plaintiff was authorized and empowered to sell and dispose of said mortgaged premises, or any part thereof, and to convey the same to the purchaser, and out of the proceeds of such sale to retain and pay the principal and interest then unpaid on said sums, with all reasonable costs, charges and expenses of the sale, and a reasonable compensation to the plaintiff for making such sale and conveyance, accounting for and paying to the defendants, and their heirs and assigns, the overplus, if any.

On December 23, 1872, no part of the note having been paid except the interest thereon to July 1, 1872, the plaintiff commenced an action against the defendants in this court, which is now pending, to recover the three first instalments of the note then due and payable, and interest, and upon the writ in that action attached personal property of the defendants. On June 21, 1873, no part of the note having been paid except the interest as aforesaid, and another instalment having become payable, the plaintiff, in pursuance of the power of sale contained in the mortgage, and after due proceeding had, sold the real estate, and realized from the sale, after paying all costs, charges and expenses, the sum of $4500, being less than the whole amount due on the note. The defendants are insolvent, and are possessed of no property for the payment of the plaintiff's debt, except the property attached as aforesaid. The defendants now insist that the balance derived from the sale of the mortgaged estate should be applied to the payment of the instalments of said note which first became payable, and thereby deprive the plaintiff of the benefit of his attachment, and prevent the collection of his whole debt.

The bill prayed that the plaintiff might be permitted to take judgment in said suit for the difference between the whole amount of the note and the amount realized from the sale.

The defendants demurred to the bill; and the case was reserved by *Gray*, C. J., upon the bill and demurrer for the consideration of the full court.

*F. A. Gaskill & G. M. Woodward*, for the defendants.

*T. L. Nelson & A. J. Bartholomew*, for the plaintiff.

ENDICOTT, J. The note upon which this controversy has arisen is dated January 2, 1871, and is payable in instalments, falling due every successive six months after date. It was secured by a mortgage upon real estate, which contained a power to sell and dispose of the land upon default made in the payment of all or any part of the money due upon the note. On December 23, 1872, three instalments being then due and unpaid, the plaintiff brought his action at law for their recovery, and attached other property of the defendant, which action is now pending in this court. On June 23, 1873, another instalment being then due and unpaid, the plaintiff, in pursuance of the power in the mort-

gage, sold the land, and the proceeds of the sale, after deducting the necessary charges, were insufficient to pay the whole amount due upon the note.

The plaintiff in his bill prays that he may be permitted to take judgment in his action at law for the difference between the whole amount of the note and the amount received from the sale. But we are of opinion that the plaintiff has his remedy in his action at law, and there is no reason for the interposition of a court of equity.

The holder of a note secured by mortgage upon real estate is entitled to recover the full amount of his debt. If the security is not sufficient, he may recover the balance by an action on his note. He may proceed concurrently with actions on his note and to foreclose his mortgage, till the note is paid. *Ely* v. *Ely*, 6 Gray, 439. If after foreclosure the value of the land does not equal the amount of the debt, it enures by way of payment *pro tanto*, and an action may be maintained on the debt for what remains due. Gen. Sts. *c.* 140, § 36. *Newall* v. *Wright*, 3 Mass. 138, 150. *Hedge* v. *Holmes*, 10 Pick. 380. Where the mortgage contains a power of sale, the mortgagee may sue on the note, if due, and while that action is pending he may properly proceed to sell under the power contained in the mortgage. The value of the land as security is speedily and accurately ascertained by the sale. If the proceeds of the sale equal or exceed the amount due on the note, both principal and interest, he cannot have judgment in his action on the note, for the debt is paid; if not enough to pay the whole debt, he may recover the balance found due after deducting the proceeds of the sale. We are of opinion that the same rule applies where the action is brought upon certain instalments of the note, as in this case, which were actually due when the suit was commenced.

The effect of the foreclosure by sale was to place in the plaintiff's hand a fund, which he might lawfully apply to the payment of the whole mortgage debt, both principal and interest. As that fund was not sufficient to pay the whole, there is no principle of law which requires him to apply it to the payment of the instalments on the note first due, and sought to be recovered in the action at law. Undoubtedly he may do so at his option; if he does so, the instalments are paid; but the law makes no such ap-

plication. The rule in regard to items of debt and credit in a general account current does not apply to a case of this description. As out of the proceeds of the sale, by the terms of the mortgage, the plaintiff is to " retain and pay the principal and interest then unpaid " on the note, he has the right to appropriate the amount so received to either instalment. Of that right he may avail himself in his action at law.            *Bill dismissed.*