ARTHUR B. BURTIS & another *vs.* ANGELINE BRADFORD,
executrix.

Worcester. Oct. 5, 1876. — Mar. 7, 1877. COLT & MORTON, JJ., absent.

A. executed a mortgage of personal property to B. to secure his note for a certain
sum and made payments to him thereon, which were indorsed on the note, and
other payments not indorsed, which reduced the amount due to a nominal sum. B.
died and his executrix, the mortgage being overdue, pressed A. for payment but
did not receive anything from him. A. knew there was a balance due on the note,
and by his declarations led the executrix to believe that there was a considerable
sum due thereon, and from time to time promised to pay the interest, if he could
not the principal. More than three years after the appointment of the executrix,
A. contended that there had been other payments made on the note in the lifetime
of B. which had not been indorsed thereon, but knew before the subsequent no-
tice of foreclosure that the executrix contended that the indorsements on the
note represented all that had been paid. Subsequently, the executrix began an
action against A. on the note, and made a general attachment of his real estate,
but it was abandoned, no service was made and the writ was not entered. The
executrix then published legal notice of her intention to foreclose the mortgage,
and the notice and affidavit of service were duly recorded in the town clerk's
office, but were not indexed by him, and A. did not examine the registry or
make any inquiries of the clerk before the expiration of the sixty days. At
the expiration of that time the plaintiff took possession of the property, A. having
made no tender of the amount due, or of what he considered due, on the mortgage
at any time before the expiration of the sixty days. A. knew of the intention of
the executrix to foreclose, and after the first publication of the notice, published a
notice in the same paper, in which he offered to pay what was due, and also had
an interview with the attorney of the executrix, but there was no agreement to
stay the proceedings, and it did not appear that the executrix waived any of her
rights or that A. was misled. After the foreclosure, A. tendered the amount which
he considered due on the note and brought a bill in equity to redeem. The value
of the property taken was much greater then the amount due. *Held,* that the
executrix might proceed concurrently by an action on the note, and to foreclose the
mortgage; that the failure of the town clerk to index the notice and affidavit did
not affect the validity of the foreclosure; and that no ground of relief in equity
was disclosed.

BILL IN EQUITY by Arthur B. Burtis, the holder of a second
mortgage of certain chattels, and Azro A. Williams, against the
defendant as executrix of the will of Jonathan C. Bradford, to
redeem a prior mortgage of the chattels made by Williams to
the defendant's testator. The case was heard before *Devens,* J.,
who reserved it for the consideration of the full court on the
pleadings, the report of a master and exceptions thereto. The
master found that there was due on the debt secured by the

mortgage to Bradford the sum of $19.05, and that the value of the chattels was $550. The other facts appear in the opinion.

*G. F. Hoar & H. L. Parker*, for the plaintiffs.

*T. G. Kent*, for the defendant.

ENDICOTT, J. An examination of the evidence reported by the master discloses no errors or mistakes on his part requiring us to set aside his conclusions.

It appears that in March, 1869, the plaintiff Williams gave to John C. Bradford a mortgage on certain personal property to secure his note of $1200. During the lifetime of Bradford, payments to the amount of $661 were indorsed on the note. Bradford died in 1871, and the defendant was appointed executrix during the same year. The mortgage was then overdue, and the defendant repeatedly pressed Williams for payment, but never received anything from him. The master has found that the plaintiff knew that there was a balance due on the note, and by his declarations had led the defendant to believe there was a considerable sum due, and had from time to time promised to pay the interest, if he could not pay the principal. In the autumn of 1874, more than three years after the defendant was appointed executrix, Williams made a claim that there had been other payments made on the note in the lifetime of John C. Bradford, which had not been indorsed thereon. And the master finds that before the notice of foreclosure, hereafter referred to, the plaintiff knew that the defendant contended there was a large sum due on the note, and that the indorsements thereon represented all that had been paid.

On March 13, 1875, the defendant brought an action against Williams on the note which the mortgage secured, and on the same day a general attachment of the real estate of Williams was made on the writ. But, as the action was abandoned, no service was made on Williams and the writ was not entered. The defendant then published a legal and sufficient notice of her intention to foreclose the mortgage, the first publication being on March 17, and the notice and affidavit of service were duly recorded in the town clerk's office on April 5, following. After the expiration of the sixty days required by the statute, the defendant took possession of the property covered by the mortgage. Williams made no tender of the amount due, or of

what he considered due on the mortgage, at any time before the expiration of the sixty days. If he had done so, he could have resisted the taking of the property, or could have brought replevin for the property taken, and the question of the amount due on the mortgage could have been determined, and, if the tender was sufficient, the foreclosure would have been avoided. The plaintiff testified that he knew of the intention of the defendant to foreclose; and, after the first publication of the notice, he published a notice in the same paper, in which he offered to pay what was due; and he had an interview with the defendant's attorney on the subject, but there was no agreement to stay the proceedings, and it does not appear that the defendant waived any of her rights, or that Williams was misled by any act or word of her or her attorney.

At common law, a mortgage of personal property gave an absolute title to the mortgagee on breach of the condition. No process of foreclosure was necessary and there was no right of redemption. But in this Commonwealth a foreclosure must be made according to the provisions of the Gen. Sts. *c.* 151, §§ 4–8; and if the mortgagee complies with these provisions, and the money due is not paid or tendered within sixty days after the notice is duly recorded, " the right to redeem shall be foreclosed." The statute is peremptory, and, if there is anything due on the mortgage and it is legally foreclosed, we know of no provision of law by which the plaintiff can afterwards bring his bill to redeem, and have the exact amount due on the mortgage determined.

It is contended by the plaintiff that there was no foreclosure, because the defendant was pursuing a concurrent remedy at the time by an action at law upon the note. But a mortgagee has the right to do this. He may proceed concurrently with an action on his note, and with lawful proceedings to foreclose his mortgage. This has been repeatedly held in regard to mortgages of real estate, and, from the nature of the contract, the rule is equally applicable to mortgages of personal property. *Ely* v. *Ely*, 6 Gray, 439. *Draper* v. *Mann*, 117 Mass. 439. See *Heburn* v. *Warner*, 112 Mass. 271, 273. If the action on the note is prosecuted to judgment, a question may arise affecting the foreclosure of the mortgage and the amount due thereon. But, in this case,

only an attachment of other property was made, the writ was not served or returned, and the whole proceeding was abandoned. Upon the facts before us, it is fairly to be inferred that the action was abandoned immediately after the attachment, and the plaintiff at once resorted to foreclosure by publishing the notice. And it does not appear that the plaintiff was in any way influenced in his conduct by the suing out of the writ, or that he knew that it had issued, except by report.

Nor can it affect the validity of the foreclosure, that the town clerk failed to index the notice and affidavit which were filed on April 5, 1875. The defendant did what the law demanded, and she is not to lose her rights because it was the practice of the town clerk not to index such notices. The conversation with the town clerk before the filing is immaterial, and the master expressly finds that neither the plaintiffs or any one in their behalf examined the registry or made any inquiry of the clerk after April 5, and before the expiration of the sixty days.

We fail to find any ground upon which this foreclosure can be opened. We cannot engraft upon the statute equitable exceptions, and give the plaintiffs an opportunity to prove the precise amount due upon the mortgage, when it appears that, with a full knowledge of the proceedings in progress, Williams neglected to take any steps by which the foreclosure could be arrested and his rights ascertained. To do so would be to open to every mortgagor the right to redeem, who can show that the value of the property is greater than the amount actually due at the time when, by the statute, the foreclosure became absolute.

The case is not presented of a mortgagee who has attempted to take under the forms of law valuable property, and knows that but a trifling sum is due on the mortgage, and from whose knowledge and conduct a fair inference may be drawn of bad faith, and failure properly to regard the interests of the mortgagor.

The defendant here was no party to these payments; she had a duty to perform to the estate, and was led by the indorsements on the note and by the declarations of Williams to suppose a large sum was due; she might well have looked upon his conduct and his later claim that there had been other payments,

with suspicion. And he knew that she supposed the indorse-ments on the note represented all that had been paid. Under such circumstances, he allowed her to proceed, and he must bear the legal consequences of his conduct. We find no evidence of bad faith on her part, or of any failure, in asserting her rights, to regard the rights of the mortgagor, or any evidence that he was misled by any act of hers or those acting for her.

All the forms of law having been complied with in foreclosing the mortgage, there was a foreclosure of the right of redemption, as declared in the statute. It was not the right of the plaintiffs to try before the master the question, how much was due upon the mortgage, and this finding becomes immaterial.

*Bill dismissed.*