REAL ESTATE AND BUILDING COMPANY *vs.* JOHN W. TUFTS.

Suffolk.  Nov. 18, 1878. — Sept. 5, 1879.  COLT & MORTON, JJ., absent

A. sold to B. a parcel of land by deed containing a condition that B. should pay to A. a certain sum in annual payments, and should build on the land two houses, each of a certain value, within four years ; and B. gave his promissory note to A. for the amount of the annual payments.  B. then sold the land to C. and D., they assuming the performance of the condition.  C. released to D. a portion of the land with a house on it of the value mentioned in the condition, and A. without the knowledge of B., by deed to D., released this part of the land from the condition, and indorsed the amount received therefor upon the note.  No house was built on the other part of the land within the four years.  *Held,* that A. could maintain an action on the note against B. for the balance due thereon, without regard to the proportionate value of the land released and the other part.

CONTRACT on a witnessed promissory note for $1400, dated July 12, 1867, signed by the defendant, payable to the plaintiff in yearly instalments, with interest semiannually.  In the margin of the note was the following : "Secured by condition in deed of land in Milton, recorded in Norfolk Registry."  Writ dated December 18, 1877.  The case was submitted to the Superior Court, on agreed facts, in substance as follows :

On July 12, 1867, the plaintiff corporation sold a number of lots of land in Milton to the defendant for $1506.92.  The terms of the sale were $106.92 to be paid at the time of delivery of deed, the balance in ten equal annual payments of $140 each, with interest payable semiannually at the rate of six per cent per annum, the defendant to give his note to the plaintiff for $1400 and interest, and the note to be secured by a condition in the deed.  The defendant paid $106.92, and gave to the plaintiff the note declared on.  At the same time, and as a part of the same transaction, the defendant received from the plaintiff corporation a deed of said lots of land, dated July 12, 1867, and containing the following condition : " This deed is on the condition that the grantee, his heirs or assigns, shall pay the grantor or its assigns the sum of fourteen hundred dollars, in ten equal annual payments of one hundred and forty dollars each, with interest semiannually thereon, each in one, two, three, four, five, six, seven, eight, nine, and ten years respectively, from the day

of the date of these presents; and shall build and finish on the granted premises two dwelling-houses, worth not less than twenty-five hundred dollars each, within four years from the day of the date of these presents." The defendant paid the first two instalments of $140 each, and interest to January 12, 1870. On April 12, 1870, the defendant sold the land described in the deed to John Beatey and John Miles, copartners, for $3013.84, on the following terms: $500 in cash and $1393.84 on mortgage, the balance then remaining unpaid under said condition to be assumed by Beatey and Miles as part of the $3013.84. This mortgage was paid and discharged on February 14, 1871. From April 12, 1870, until some time in the fall of 1877, the plaintiff made no demand upon the defendant for the payment of any part of the note in suit, principal or interest. On October 10, 1872, Beatey released to Miles a portion of said land, with a house on it which had been erected by Beatey and Miles. There was no house on the remaining part of the land. On October 28, 1872, the plaintiff, without the knowledge of the defendant, by deed to Miles, released the portion of the land conveyed to him by Beatey from the conditions contained in the plaintiff's deed to the defendant. The deed of release from the plaintiff to Miles contained the following: " Not intending, however, to release any other portion of the premises subject to said conditions than such as is included in the above description." The plaintiff, in consideration of this release, received from Miles $600, and indorsed the same on the note in suit. Nothing has been paid on the note since this indorsement. At the time of the release from the plaintiff to Miles, the whole of the land, together with the house, was worth $5500. The portion released by Beatey to Miles and the house on it were worth $3700, and the remaining land was worth $1800, and the house alone was worth $2500. At that time, and before the $600 was paid, there was overdue on the note $571.20, three annual payments of $140 each, and $151.20 interest. The remaining part of the land was afterwards sold by Beatey and Miles. In the deed from Beatey and Miles last referred to, it was recited that the premises were subject to the conditions in the deed from the plaintiff to the defendant. The house above referred to is the only house which has ever been built on the premises.

If, upon the above facts, the plaintiff was entitled to recover the full amount remaining unpaid on the note, judgment was to be entered for $948.50; if the plaintiff was entitled to recover any less sum, judgment was to be entered for $582.70.

The Superior Court ordered judgment for the plaintiff for the larger sum; and the defendant appealed to this court.

*J. P. Brown,* for the defendant.

*C. W. Turner,* (*L. L. Scaife* with him,) for the plaintiff.

AMES, J.   This suit is brought against the defendant, not as a surety or indorser or guarantor for any one else, but to enforce the payment of a note in which he is the principal and original debtor.   The condition contained in the deed to him, although it was intended as security for the payment of the note, was one which the plaintiff could enforce or not, at its option.   It did not preclude the plaintiff from relying upon the personal credit of the defendant, and collecting the amount due from any and all property belonging to him which could be come at to be attached.   To do so would be no violation of any of his rights. *Ely* v. *Ely,* 6 Gray, 439. *Draper* v. *Mann,* 117 Mass. 439.   It cannot be contended that there has been any failure of consideration, and there is nothing in the facts disclosed in the case stated by the parties that can furnish any excuse to the defendant for not paying the amount remaining due.   The condition, from its nature, could only be enforced by the plaintiff, and there is no mode in which the defendant could be subrogated to the rights of the plaintiff.   We cannot concur with the argument of the defendant, that the release of a portion of the land by the plaintiff to Miles after breach of the condition, and on the payment of part of the debt, was illegal or wrongful.   Shep Touchst. 118. *Gray* v. *Blanchard,* 8 Pick. 284. *Rice* v. *Boston & Worcester Railroad,* 12 Allen, 141.        *Judgment affirmed.*