WINTHROP M. MAYO *vs.* FITCHBURG AND LEOMINSTER STREET RAILWAY COMPANY.

Worcester.    April 8, 1929. — October 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Bond,* Construction. *Mortgage,* Trust mortgage. *Contract,* Construction, Performance and breach. *Waiver.*

The holder of a bond of a corporation is not precluded, after default in payment according to its provisions, from maintaining an action upon the bond against the corporation by reason of the facts, that payment of three hundred bonds, including the plaintiff's, was secured by a trust mortgage executed contemporaneously with the bonds; that such trust mortgage provided that a majority in amount of the holders of the bonds at the time outstanding might by instrument in writing waive, or instruct the trustee to waive, any default, but that such action should not extend to affect subsequent defaults or impair rights

resulting therefrom; and that a majority of the bondholders, not including the plaintiff, had extended the date of payment beyond the date of the plaintiff's action: such provisions, preventing in the circumstances enforcement of the security, did not bar an action upon the principal debt.

CONTRACT upon bonds of the defendant described in the opinion. Writ dated August 3, 1926.

In the Superior Court, the action was heard by *Dillon,* J., without a jury, upon a case stated. It appeared that the trust mortgage, described in the opinion, secured the payment of three hundred $1,000 bonds, among which were the plaintiff's. Other material facts and rulings by the judge are stated in the opinion. The judge found for the plaintiff in the sum of $3,505.17, and reported the action for determination by this court.

*S. M. Salny,* (*E. W. Baker* with him,) for the defendant.
*J. W. Healey,* (*C. D. Bent* with him,) for the plaintiff.

WAIT, J. The plaintiff brings this action for the principal and interest due upon three bonds issued by the defendant which by their terms became payable upon February 1, 1921. Payment was secured by a mortgage provided for by a trust instrument executed contemporaneously with the bonds. In accord with a provision of the trust instrument, payment of principal and interest was extended to February 1, 1926. The plaintiff assented to this extension. Payment was not made on February 1, 1926, or at any later date. The bonds are now due and the defendant is in default, unless its default has been waived and the plaintiff is bound by such waiver. The plaintiff has made no demand that the trustee bring action for him or in his behalf against the defendant on the bonds. The trust instrument provided that a majority in amount of the bonds at the time outstanding might by instrument in writing waive, or instruct the trustee to waive, any default, but such action should not extend to affect subsequent defaults or impair rights resulting therefrom. By a written agreement bearing date January 13, 1926, executed by the defendant, the trustee, and a large majority of holders of outstanding bonds, the default of the defendant in payment of principal on Febru-

ary 1, 1926, was waived and the time of payment was extended to and including February 1, 1931. None of the assenting bondholders signed this agreement until more than three months had elapsed subsequent to February 1, 1926. The plaintiff never signed or assented to this agreement of waiver and extension. The essential question for decision is whether he is bound by it so that he cannot maintain this action on the bonds.

The trial judge, who heard the action on a case stated, denied the defendant's motion for a finding in its favor, refused its requests for rulings, found for the plaintiff in the amount of principal and interest called for by the terms of the bonds, and reported the case. If the finding was justified on the case stated, and if the rulings and refusals to rule were correct, then judgment is to enter on the finding, otherwise judgment is to enter for the defendant. At the argument the defendant waived any question of the negotiability of the bonds. We do not consider it. No contention is made that the action of a majority of the bondholders has been inequitable, or that any opportunity has been denied the plaintiff to become a party to the agreement of waiver and extension or to participate in rights thereunder. The trustee has on deposit such interest payments as would have become due and payable to the plaintiff under that agreement.

The requests for rulings were as follows: "1. A waiver by a majority in number and amount of bond holders amounts to a waiver of the breach of the bond and, when such waiver becomes operative, there is no breach of the terms of the trust deed or bonds issued thereunder and, as there is no breach, there can be no recovery, either under the trust mortgage itself or any of the bonds issued under said mortgage. 2. The breach relied on by the plaintiff had been waived by a majority of the bond holders under the trust deed and was binding upon the plaintiff. 3. The waiver of the breach of the terms of the bond by a majority of the bond holders had the same effect on all bond holders as though there in fact had never been a breach. 4. The terms of the trust mortgage are binding on all the bond

holders, in the same force and effect as if its terms had been set out in each respective bond . . . 6.   There is no valid excuse for the plaintiff's failure to demand that the trustee bring this action on his behalf for the benefit of all bond holders. 7.   There was no breach of the bonds at the time that this action was instituted by the plaintiff."   In so far as they involve findings of fact, no exception lies to the refusal because the action is before us upon a "case stated." *Smith* v. *Import Drug Co.* 253 Mass. 368, 371, and cases cited.   In substance they ask a ruling that the terms of the trust agreement are terms of the bonds, so that the plaintiff bondholder is bound by the waiver of a majority of holders of outstanding bonds made pursuant to the trust agreement, not only with regard to his right to resort to the security but also in respect to his rights upon the principal obligation.

We think the judge was right in refusing so to instruct himself; and that the finding which he has made is justified upon the facts stated.

The law of Massachusetts is well settled that the bonds and the trust instrument are to be read together.   *Shaw* v. *First Methodist Episcopal Society in Lowell,* 8 Met. 223. *Costelo* v. *Crowell,* 127 Mass. 293.   Each bond specified that it is one of a series secured by the deed of trust.   But we find nothing in the bond which makes the right of the holder contingent on the action of a majority of holders of other bonds of the series, and nothing in the trust agreement which deals with the rights of individual holders except as against the security.   A holder of a bond must proceed against the security in accord with the conditions of the trust agreement. He cannot insist that the trustee shall proceed, or himself proceed upon a default under the trust which a majority of holders of other bonds of the series have duly agreed to waive.   The language of the agreement dated January 13, 1926, recognizes this distinction between rights against the defendant arising solely upon the promise of payment on the bonds and rights against the security arising upon the trust agreement.   By paragraph 3 those who assent agree not "to enforce any of their rights under said bonds or under

said mortgage" except as otherwise provided in paragraph 4; and by paragraph 4 it is provided that no right of bondholders not assenting, or of the trustee in their behalf, shall be impaired or affected by the agreement, but if the security is enforced in their favor then all bondholders shall share in the distribution.

The reference to rights of the trustee in behalf of non-assenting bondholders is illusory if a majority assenting may prevent a breach of the contract of the bond from constituting a default which confers rights under that contract.

The plaintiff was not bound to proceed against the security. *Real Estate & Building Co.* v. *Tufts,* 127 Mass. 391. *Draper* v. *Mann,* 117 Mass. 439. See *Brickley* v. *Wrenn,* 252 Mass. 16, 23; *Burtis* v. *Bradford,* 122 Mass. 129.

In accord with the terms of the report entry is to be made
*Judgment for the plaintiff on the finding.*