FRANKLIN BRICKETT *vs.* CHARLES D. WALLACE.

In an action of contract tried in a police court on issue joined, as provided in the Gen. Sts. c. 120, § 16, upon the defendant's oral denial of the plaintiff's right to maintain his action, and removed by appeal to the superior court, where the defendant filed only a plea of tender of a certain sum before the plaintiff sued out his writ, without alleging that such tender was pleaded in the police court or that any profert was there made, the plea is bad, although it alleges that the defendant had "held himself in readiness at all times since said tender to pay said sum to the plaintiff, and now brings said sum into court for the plaintiff."

WELLS, J. The plaintiff sues for fourteen dollars and fifty-eight cents due him for rent. Before the police court the defendant orally denied the plaintiff's right to maintain his action; and the case, being tried on that issue, resulted in a judgment of fourteen dollars for the plaintiff. The defendant appealed to the superior court, and there filed only a plea " that before the plaintiff sued out his writ he tendered to the plaintiff the said sum of fourteen dollars and fifty-eight cents," and that he had ˈ held himself in readiness at all times since said tender to pay said sum to the plaintiff, and now brings the said sum into court for the plaintiff." The plaintiff demurs, for the reason that the plea does not show that the tender was pleaded in the police court, nor that there was any profert made there, either by plea or in fact.

The demurrer having been sustained in the superior court, the defendant appealed, and no further proceedings were had in that court. This was irregular, as the decision was merely interloc

Brickett *v.* Wallace.

utory, and the court did not proceed to any final judgment. It left the case open to further proceedings upon amendment. But as the parties have filed their consent that final judgment shall be entered in the superior court according to our decision upon the demurrer, we proceed to dispose of the case.

It is true, as the defendant argues, that under Gen. Sts. *c.* 120, § 16, the defendant may avail himself of his tender upon the general denial made orally in the police court; and therefore no other plea is necessary in that court. But in order to do this he must bring his money with him into court, and make profert of it there. By so doing, he admits the right of the plaintiff to recover to the extent of the sum tendered. If he intends to rely upon his tender, he must not first put the plaintiff to the proof of his right to the debt, nor to the proof of his damages, except so far as the plaintiff claims beyond the amount tendered. It is one of the incidents of a tender that the defendant is bound to hold the money in constant readiness for the plaintiff, from the time of the tender until it is paid into court. It is a continuing offer, to be at all times open for the plaintiff's acceptance. The whole advantage of the tender is lost, if at any time the defendant fail to make good this obligation. " The defendant was not formerly allowed to plead a tender and *tout temps prist*, after any kind of imparlance ; and the reason assigned was, that by craving time he admitted he was not ready, and so falsified his plea." 1 Tidd Pract. 463. By the practice under our statutes this rule is relaxed so far as to allow the money to be paid in when the plea or answer is filed. *Warren* v. *Nichols*, 6 Met. 261. Gen. Sts. *c.* 129, § 87; Answers, Tender, p. 668. Gen. Sts. *c.* 130, § 23. But the permission to plead orally in the police court, and to file a new plea or answer in writing after appeal to the superior court, does not relieve the defendant of the obligation to perfect his tender by paying the money in to the police court before trial or other disposition of the case there. By the record of the police court, this does not appear to have been done. The answer filed in the superior court does not allege any such payment or profert, but avers that the defendant " now brings the said sum into court for the plaintiff." The whole.

record therefore not only fails to show any payment or profert in the police court, but appears to indicate the contrary. The allegation that he " has held himself in readiness at all times," &c., is a formal and necessary part of the plea, and cannot be construed to mean that he has made profert and payment in the court below. If the defendant did in fact make profert orally, and offer the money in the police court, as is now suggested, he should have made that fact appear by his answer in the superior court. Failing to do so, the demurrer must be effectual. *Storer* v. *McGaw*, 11 Allen, 527.

The right to file a demurrer, after one trial upon the issue of fact, was conclusively determined by the allowance thereof by the superior court. There could be no waiver of the irregularity of practice in failing to deposit the money in the police court, ·because no profert was there made in the pleadings. The plaintiff, therefore, has not waived the defects pointed out by his demurrer.

The result is, that the plaintiff must have

*Judgment on the demurrer.*

*H. Carter*, for the plaintiff.
*H. N. Merrill*, for the defendant.