*N. W. Ladd,* for the defendant.
*H. N. Sheldon,* for the plaintiff.

---

JOHN N. ROBERTS *vs.* FRANCIS L. WHITE.

Suffolk.    January 16, 1888. — March 2, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Chattel Mortgage — Replevin — Tender — Equitable Defence.*

A tender to a mortgagee who has replevied goods to which he was entitled, if effective at all, must be followed by bringing the money into court and plea thereof.

In an action of replevin, an equitable defence that would not afford absolute relief, even if the facts relied on had not occurred since the writ was served, will not avail the defendant.

REPLEVIN of household furniture.    Writ dated June 4, 1877. An amended answer filed by the defendant on October 24, 1884, to avail himself of the St. of 1883, c. 223, § 14,* alleged that he

---

* This statute, which conferred upon the Superior Court original and concurrent jurisdiction in equity with the Supreme Judicial Court, provides in this section : " In actions at law in the said courts, the defendant shall be entitled to allege as a defence any facts that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or

was the assignee of a second mortgage of the replevied goods; that he took possession of the goods for breach of condition; that the first mortgage was given to one Ridgeway; that the plaintiff, on May 23, 1877, became the assignee of the first mortgage, and that on or about June 14, 1877, the defendant made a "tender of the full amount of money, with all costs and interest due on the said Ridgeway mortgage, but the said plaintiff wholly refused to receive the same; that since the removal of said property by said plaintiff, under his replevin writ, he has had the said property in constant use, deriving therefrom a large sum of money, and that by reason of the use to which the same has been put, the value thereof has greatly depreciated, so that a return of the same to this defendant would entail great loss upon him; that this defendant is now and ever has been ready, able, and willing to pay to the said plaintiff the amount due upon said Ridgeway mortgage, the interest thereon, and any costs prior to the tender and offers hereinbefore set forth. And further answering, this defendant says, that the plaintiff, in equity and good conscience, is bound to account to the defendant in this court, in this action, for any and all sums received by him for the use of said property, for any and all depreciation in the value of the property which has occurred since he took possession of the same; that the sums thus received, and the amount of depreciation, together with the damages for the taking and detention of the property in this suit, should be deducted from any sum due under his said mortgage, as principal, interest, and costs; and this defendant should be required to pay to said plaintiff, on return of said property, only such balance, if any, as may be found due after such deduction; and this defendant says that at the time of commencement of this replevin suit he was entitled to the possession of the said replevied property, and that the plaintiff then had no right, title, or interest in said property as against this defendant."

At the trial in the Superior Court, before *Aldrich*, J., it appeared that the plaintiff was the assignee of a mortgage of the

---

cause of action, or against a judgment obtained by the plaintiff in such action; and the plaintiff shall be entitled to avail himself, in answer to any defence alleged by the defendant, of any facts that would avoid such defence in equity, or would entitle the plaintiff to be absolutely and unconditionally relieved in equity against such defence."

goods, dated March 5, 1877, and given to Edward Ridgeway to secure the payment of a note for $1,200, payable in one month, and by him assigned to the plaintiff on May 26, 1877, and that the defendant was the assignee of a second mortgage of the goods, of which he had taken possession for breach of condition of that mortgage, and retained possession till the writ was served.   The defendant being prepared to offer evidence upon all the matters set up in the amended answer, the judge ruled that the defendant could not avail himself of the equitable defence set up therein, but did allow the defendant to introduce evidence in support of his plea or answer of tender therein set forth.   The defendant introduced evidence of a tender, made after the service of the writ, by the defendant to the plaintiff, of the amount due on his mortgage, with interest and costs; but the judge ruled that the tender was invalid, because it was not followed up by bringing the money into court for the plaintiff's use, and because the answer contained no allegation that he brought the money into court for the plaintiff.

The judge directed a verdict for the plaintiff; and the defendant alleged exceptions.

*E. Avery & G. M. Hobbs*, for the defendant.

*J. B. Richardson*, for the plaintiff.

MORTON, C. J.  It appears that the plaintiff, who is the assignee of a first mortgage of the goods replevied, had, at the time he sued out his writ, a right to the immediate and exclusive possession of the goods.   This entitles him to maintain this action, the object of which is to give him in fact the possession to which he is entitled in law.   It is difficult to see how any tender after suit brought can avail the defendant; but if it can under any circumstances, it must be a tender followed up by bringing the money into court for the plaintiff's use.   *Storer* v. *McGaw*, 11 Allen, 527.   *Brickett* v. *Wallace*, 98 Mass. 528.   No such tender was pleaded or proved, and the ruling of the Superior Court on this subject was sufficiently favorable to the defendant.

The court correctly ruled that the defendant could not avail himself of the equitable defence set up in his amended answer. This defence in substance is, that all sums received by the plaintiff for the use of the property replevied, and the amount of any depreciation in the value of the property since he took possession,

together with the damages for the taking and detention in this suit, should be deducted from the amount due on his mortgage, and this defendant should be required to pay only the balance, if any, to the plaintiff on return of said property.

The answer does not allege that these items, if allowable, will fully pay and discharge the plaintiff's mortgage, and therefore does not set up facts which would entitle the defendant "to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action." St. 1883, c. 223, § 14. But, further, all the facts set up have occurred since this action was commenced, and they have no tendency to prove that at the time of the caption he had not the right to the possession of the goods.

The defendant has mistaken his remedy, which plainly was to bring a bill to redeem after the plaintiff gained possession of the goods, in which action he could avail himself of the equities, if any, in his favor. *Exceptions overruled.*