MARY A. P. WELD *vs.* ELIOT FIVE CENTS SAVINGS BANK.

Suffolk.   January 10, 1893. — March 3, 1893.

Present FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Savings-bank Book — Order — Demand on Bank — Insufficient Tender — By-Law of Bank.*

In an action against a savings bank for the amount of a deposit, brought by the depositor for the use of his assignee, it appeared that on April 26, 1892, the assignee made demand on the defendant for the amount due, which the defendant declined to pay because of the omission to specify the month and day of the month in the date of the plaintiff's order to the assignee. Fifteen days thereafter the defendant tendered to the assignee the sum due, but without interest for the fifteen days. The defendant contended that the plaintiff was bound to show that by the defendant's by-laws he was entitled to call for payment of the amount due without prior notice. *Held,* that it was for the defendant to show, if it could, that the plaintiff was not so entitled; that if the defendant had any rule entitling it to prior notice, it had not been made known to the court, and there was no legal presumption that it had; that the demand on April 26 was good; that the subsequent tender was insufficient, and that the plaintiff was entitled to judgment.

CONTRACT, by the depositor for the use of her assignee, to recover the amount of a deposit in a savings bank. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

During the year 1887 and thereafter Mary Ann P. Weld had on deposit with the defendant the principal sum of $1,000, the savings-bank book issued to her being numbered 18,420. On April 26, 1892, the amount standing to the credit of the book, including principal, interest, and dividends to that date, was $1,372.62. In the year 1887 Mary Ann P. Weld, the depositor, executed a written order or assignment, and duly delivered the same to William Minot, Jr., therein named, who, on or about April 26, 1892, indorsed the same on the back thereof, and duly delivered the same to Felix Rackemann, the indorsee. The order was as follows:

"1887.   To the Treasr. Eliot Five Cents Savs. Bank, Boston, Mass.   Sir, — Please pay to Wm. Minot, Jr., or order, all the moneys that have been and may be deposited, together with

the interest that has and may become due, on account of book No. 18,420.   Mary Ann P. Weld.   Witness to signature, Francis M. Weld."

The indorsement was as follows:

" Pay the within to Felix Rackemann, trustee for Mary Ann P. Weld.   Wm. Minot, Jr.   Witness, J. Henry Russell."

At the time of the delivery of the order or assignment by Weld to Minot, the bank-book was also duly delivered to him, and at the time of the delivery of the order as indorsed by Minot to Rackemann, the bank-book was duly delivered to Rackemann.   On April 26, 1892, during the usual banking hours of the defendant, Rackemann called at its banking rooms, presented the bank-book, together with the written order or assignment having the indorsement on the back thereof, to the teller of the defendant in charge, and Rackemann requested that the interest and dividends be figured and entered on the bank-book, and he then requested payment to him of the entire amount standing to the credit of the book, offering to deliver up the book and the order, and receipt for the money so received in any usual form. The defendant refused to pay Rackemann the order, stating, as its only ground of objection, that the order presented, signed by Weld, bore no date except the figures "1887."   The defendant informed Rackemann that, if he would obtain the insertion in the order by Weld of a complete date, including day and month, they would honor and pay the order.   This Rackemann declined to do, but demanded the said sum of $1,372.62.   On May 11, 1892, the defendant handed to Rackemann a letter, a copy of which is as follows:

" Boston, May 11, 1892.   Felix Rackemann, Esq., 23 Court Street, Boston.   Dear Sir, — I hereby tender you payment of $1,372.62, being amount of deposit and interest as per deposit-book No. 18,420, in the Eliot Five Cents Savings Bank, standing in the name of Mary Ann P. Weld, upon your receipting for the same as attorney for Mrs. Weld, and delivering up order dated          , 1887, and said deposit-book.   Yours truly, Eliot Five Cents Savings Bank, by Frank E. Granger, Treasurer."

The defendant at the same time tendered Rackemann the sum of $1,372.62, in legal tender, which tender Rackemann declined to receive on the terms stated in the letter.

The order presented to the defendant by Rackemann was in all respects in the form prescribed by the defendant in the ordinary conduct of its business; and the defendant customarily allowed interest semiannually on deposits with it at the rate of four per cent per annum.

If the demand of Rackemann on the defendant, on April 26, 1892, was a good demand, judgment was to be entered for the plaintiff for $1,372.62, with interest from that date at six per cent and costs; otherwise for $1,372.62, with interest at four per cent without costs, unless the tender was good, in which case judgment was to be entered for the plaintiff for $1,372.62, without interest or costs.

*A. Blume & J. Willard,* for the defendant.

*F. Rackemann & E. L. Dresel,* for the plaintiff.

ALLEN, J.   The defences set up in the defendant's answer were, first, a general denial, and, secondly, a tender. The plea of tender was bad, because not accompanied by a *profert in curia.* *Carley* v. *Vance,* 17 Mass. 389, 392. *Storer* v. *McGaw,* 11 Allen, 527. *Brickett* v. *Wallace,* 98 Mass. 528. This, however, is now immaterial. The facts being agreed, defects in pleading are waived, and the case is to be determined on its merits.

It is agreed that on April 26, 1892, the sum due on the bankbook was $1,372.62. The plaintiff on that date was entitled to demand and receive that sum. The omission to specify the month and day of the month in the date of the depositor's order to make payment to Mr. Minot did not invalidate that order, and the defendant was not thereby excused from the duty of paying the amount to Mr. Rackemann upon his demand.

Fifteen days afterwards, the defendant offered to pay that sum to Mr. Rackemann, but for some reason the parties were both standing upon their extreme rights, and he then refused to take the money. The tender was bad, because it did not include the interest for the fifteen days.

The defendant now contends that the plaintiff was bound to show that by the rules or by-laws of the defendant he was entitled to call for payment of the amount of the deposit without prior notice. But we think, on the contrary, that it was for the defendant to show, if it could, that he was not so entitled. If the defendant had any rule entitling it to prior notice, it is

not made known to us, and there is no legal presumption that it had.

So far as is now made to appear, the demand on April 26, 1892, was a good demand; the subsequent tender was insufficient; and, according to the agreement of the parties, judgment must be entered for $1,372.62, with interest from that date at the rate of six per cent, and costs.          *Judgment accordingly.*