## SAIMAN SIRK *vs.* RICHARD ELA.

Suffolk.    January 18, 1895. — April 3, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Sale — Construction of Contract — Tender — Parol Evidence — Answer —
Equitable Defence — Statute.*

At the trial of an action of contract to recover a sum of money placed in the hands
of E., the defendant, to be applied by him, as the agent of S., the plaintiff, upon
the purchase of certain premises, it appeared that E. signed an agreement
acknowledging the receipt of the money of S., and stating that he agreed to
recommend the sale to S. of the premises, and further reciting, " It is understood
that if the sale is not completed within one month, I shall return said money,
and it is understood that I do not bind myself, or attempt to bind any parties,
to the completion of said transaction." *Held,* that the agreement must be
construed as meaning if the sale was not completed within one month for any
cause by either party ; that the tender by W., the owner of the premises, within
thirty days after the date of the agreement of a deed of the premises to the
agent of S. did not complete the sale ; and that evidence offered by the defendant
to show what took place prior to, at the time of, and subsequent to the making
of the agreement was rightly rejected, as it tended to vary and affect the written
contract.

Even if an answer may be regarded as sufficient under St. 1883, c. 223, § 14, the
defendant cannot avail himself thereof, if the facts offered in evidence would
not, in view of the construction given by the court to the contract in question,
entitle the defendant " in equity to be absolutely and unconditionally relieved
against the plaintiff's claim or cause of action."

CONTRACT, to recover $500, placed in the hands of the defend-
ant, to be applied by him, as the agent of the plaintiff, upon the
purchase of certain premises in Boston.   Trial in the Superior
Court, before *Sheldon,* J., who allowed a bill of exceptions, in
substance as follows.

It appeared in evidence that one Goodnough wrote a letter to
Walter Ela, dated May 12, 1892, inquiring, " What will you take
for that estate No. 1, 2, 3, and 4 Buttrick Place?   I have a
customer who wants to buy it for cash."   Goodnough at the
request of the plaintiff gave $500 to the defendant, and received
the following paper, dated February 28, 1893 : " Received of
Saiman Sirk five hundred dollars, and I agree to recommend the
sale to him of No. 1, 2, 3, and 4 Buttrick Place.   It is under-
stood that if the sale is not completed within one month, I

shall return said money, and it is understood that I do not bind myself, or attempt to bind any parties to the completion of said transaction. Price to be ten thousand five hundred dollars. Richard Ela."

The defendant, in cross-examination of Goodnough, offered a deed from Walter Ela, trustee, to the plaintiff, dated March 27, 1893, intended to convey the property mentioned in the agreement of February 28, 1893, signed by the defendant, for the consideration named, but it was admitted that the property was never conveyed, and that a return of the $500 was demanded from the defendant on April 5, 1893, which was refused.

The defendant offered to prove that he represented the seller; that he never in any way represented the plaintiff; that he had authority to sell the houses for $11,000, and that when $10,500 was offered he was not authorized to bind the trustee, but, believing it for the interest of the trust under the then existing circumstances to sell at $10,500, he agreed to recommend the sale; that between February 28 and March 3, 1893, he got authority from Walter Ela, trustee, to sell at $10,500, and on said March 3 of the opinion of the judge of probate that the trustee could legally sell at $10,500, and that on said March 3 he saw Goodnough; that Goodnough was the plaintiff's agent; that he told him that Walter Ela, trustee, accepted the offer of $10,500; and that on said March 3 the defendant left with Goodnough a copy of the will under which Walter Ela was appointed trustee, and the old deed for purposes of examination of title.

The defendant offered to prove the transactions at the time of his signing the agreement of February 28, 1893, as tending not to vary, but to explain, what the parties meant by the words that were used; that that agreement was modified by the transaction of March 3, and was further modified by the tendering on March 27, 1893, by Walter Ela, trustee, to Goodnough, as agent for the plaintiff, a trustee's deed in proper form, conveying the premises to the plaintiff, and that on said day Goodnough agreed that the plaintiff should see the defendant and Walter Ela, trustee, the next day, at the defendant's office in Boston, at 12.45 P. M., if the plaintiff could procure the money to carry out the trade.

The defendant, in order to show the understanding of the parties as to the agreement of February 28, 1893, as written, and

also to show the transactions of March 3 and March 27, offered to prove that on March 30 Goodnough called to see the defendant, said he was sorry Sirk could not procure the money to carry out the trade, that the defendant was "five hundred dollars in," and asked the defendant to give him a commission of $100 out of the $500; but that the defendant said that he had paid the money over to Walter Ela, trustee, and declined to pay any commission, as it had been understood throughout that Goodnough was the broker for Sirk, and not for the seller.

The defendant offered to prove that from May 13, 1892, Goodnough and Sirk both knew that the defendant was not the principal, but was agent for Walter Ela, trustee; that on March 30, 1893, before the suit was brought, Goodnough and the plaintiff both knew that the defendant had paid the money over to his principal; that the fact that the sale was not carried out was the fault of the plaintiff solely; that the defendant and his principal did all acts that either of them could be required to do for the completion of the sale, and that, according to the intent of the parties, the $500 was given to the defendant for no other purpose than as a forfeit, or as an earnest, or as binding the bargain in case the trustee should ratify the proposed sale at $10,500; and that the trustee did so ratify the sale.

The defendant was allowed to amend his answer, to the effect that the agreement of February 28, 1893, " does not show the true intent, meaning, and understanding of the parties thereto, and that under St. 1883, c. 223, § 14, the defendant will prove the true meaning and intent thereof; and that the true meaning of said paper was that the $500 should be retained by the defendant as a forfeit"; but the judge ruled that the amendment did not sufficiently set forth facts which would entitle the defendant to set up a defence under St. 1883, c. 223, § 14, ruled that the evidence offered of transactions subsequent to the execution and delivery of the agreement of February 28, 1893, was not sufficient to show a modification or alteration of the agreement therein contained; that the evidence offered was inadmissible under the answer and the amendment thereto, and directed the jury to return a verdict for the plaintiff, the defendant not desiring to go to the jury under these rulings. The defendant alleged exceptions.

*A. J. Daly*, for the defendant.

*J. D. Colt*, (*J. Prentiss* with him,) for the plaintiff.

MORTON, J.   We must take the contract as we find it.   There is nothing in it binding the plaintiff to take a conveyance of the property, nor anything which shows that, if he refused to take a conveyance, he was to forfeit the $500.   The agreement expressly provides that, if the sale was not completed within one month, the defendant was to return the money.   In the absence of any qualifying words, we must construe that as meaning not completed for any cause by either party.   The defendant expressly stipulates that he does not bind himself, nor " attempt to bind any parties to the completion of said transaction."   The tender of the deed did not complete the sale.   Nothing short of an actual conveyance of the title to the plaintiff would have done that.   No doubt, if the plaintiff had bound himself to purchase, a tender of a sufficient deed would have entitled the defendant to specific performance.   But in the absence of any valid agreement to that effect on the part of the plaintiff, or of any provision that he should forfeit the $500 if he did not complete the sale within a month, we do not see how his refusal to accept the deed entitled the defendant to keep the $500 which according to the terms of the agreement, the defendant personally bound himself to pay if the sale was not completed within one month.

The evidence offered by the defendant to show what took place prior to, and at the time of, and subsequent to the making of the agreement was rightly rejected as it tended to vary and affect the written contract.   If the amended answer could be regarded as sufficient under St. 1883, c. 223, § 14, the facts offered in evidence would not in view of the construction which we give to the agreement, have entitled the defendant " in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action."   *Roberts* v. *White*, 146 Mass. 256. *Sherman* v. *Galbraith*, 141 Mass. 440.

*Exceptions overruled.*