## AMIEL C. WEEKS *vs.* DAVID H. BAKER.

Barnstable. March 6, 1890. — June 19, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage of Personal Property — Tender of Payment — Bringing Money into Court — Replevin.*

A mortgagor of personal property, upon a tender of payment by him under the Pub. Sts. c. 192, § 6, and a non-return of the property, may maintain replevin therefor without bringing the money into court.

REPLEVIN of a sail-boat. At the trial in the Superior Court, without a jury, before *Sherman, J*, there was evidence tending to prove the following facts.

On October 26, 1881, the plaintiff, who then owned the boat, gave a mortgage upon it to the defendant for eighty-six dollars, which contained a power of sale in the usual form, and was made payable in two years. The defendant, in January, 1889, took possession of the boat, a balance of the mortgage debt then remaining unpaid, whereupon the plaintiff tendered to him the sum of thirty-one dollars and fourteen cents, which was more than was due on the mortgage at the time; but the defendant refused to accept it. The defendant duly sold the boat under the power in the mortgage, and bought it himself; and the plaintiff replevied it. There was no evidence of any demand by the defendant upon the plaintiff.

The defendant asked the judge to rule that the plaintiff could

not maintain this action without paying the amount tendered by him into court, or renewing the tender at the trial, or then offering to pay to the defendant the amount so tendered him. The judge declined so to rule, and found for the plaintiff; and the defendant alleged exceptions.

The case was argued at the bar by the plaintiff, in March, 1890, and submitted on a brief by the defendant, and afterwards was submitted on the briefs of both parties to all the judges, except *Morton*, C. J.

*H. P. Harriman*, for the defendant.

*C. F. Chamberlayne*, for the plaintiff.

KNOWLTON, J. The plaintiff, who was a mortgagor of the property replevied, tendered to the defendant, the mortgagee, more than the amount due on the mortgage, but the defendant declined to receive it, and afterwards sold the property under the mortgage, and became the purchaser at the sale.

A mortgage conveys an estate or title defeasible on the performance of a condition subsequent. If the condition is performed according to its terms, the mortgage immediately becomes void, and the mortgagee is divested of his title. Tender of performance has the same effect. *Darling* v. *Chapman*, 14 Mass. 101. *Edwards* v. *Farmers' Loan Co.* 21 Wend. 467. *Kortright* v. *Cady*, 21 N. Y. 343. *Mitchell* v. *Roberts*, 17 Fed. Rep. 776. If the possession of the property is withheld, the mortgagor may immediately bring an action at law to obtain it. This rule applies to mortgages of personal property as well as to mortgages of real estate. But in this Commonwealth a mortgagor's right of redemption of real estate after condition broken is only equitable.

At common law the title of a mortgagee of personal property upon breach of the condition became absolute. " No process of foreclosure was necessary and there was no right of redemption." *Burtis* v. *Bradford*, 122 Mass. 129. In some of the States a subsequent equitable right of redemption in the mortgagor has been recognized, and in others the courts have been quick to lay hold of any facts from which the doctrine of waiver could be evoked to defeat the absolute right of the mortgagee.

In this Commonwealth, while it is held that a mortgage of chattels differs from a mere pledge, and passes the general

property to the mortgagee, the statute has created a right of redemption in the mortgagor, after condition broken, which continues until foreclosure by sale, or by notice given and recorded in the mode prescribed. Pub. Sts. c. 192, § 5. This is a right of property in the mortgagor, which limits the right and title of the mortgagee. It is not an equitable right in the sense that the interposition of a court of equity is required to enforce it; but it is a legal right, growing out of the statute under which the parties make their contract. *Boston & Fairhaven Iron Works* v. *Montague*, 108 Mass. 248. *Gordon* v. *Clapp*, 111 Mass. 22. *Stone* v. *Jenks*, 142 Mass. 519. The method of redeeming is stated in § 6 of c. 192 of the Public Statutes, which is in these words: " The person entitled to redeem shall pay or tender to the mortgagee, or to the person holding under him, the sum due on the mortgage, or shall perform or offer performance of the thing to be done, and shall pay all reasonable and lawful charges and expenses incurred in the care and custody of the property, or otherwise arising from the mortgage ; and if upon such payment or performance, or upon tender thereof, the property is not forthwith restored, the person entitled to redeem may recover it in an action of replevin, or may recover in any action adapted to the circumstances of the case such damages as he may sustain by the withholding thereof." The mortgagor redeems when he pays or tenders the sum due, or performs or offers performance of the thing to be done. His right of property then becomes complete and absolute. By the terms of the statute, a tender of payment is equivalent to payment, and an offer of performance is as effectual as performance. He becomes entitled to have the property " forthwith restored," and upon a failure to restore, he has a perfect legal remedy.

This statute gives the payment or tender of payment of the debt, and all proper charges, at any time before foreclosure, the same effect upon the rights of the parties in the property which it would have had if made when the debt was due. In either case, if the mortgagee refuses the tender, he may afterwards sue for his debt, but he loses his security. He is subject to the same rule that applies to the refusal by a pledgee of payment tendered by a pledgor of goods. In such a case, the pledgee's security is gone, although the debt remains. *Coggs* v. *Bernard*, 2 Ld. Raym.

909, 917. Bac. Abr. Bailment, (B). *Jarvis* v. *Rogers*, 15 Mass. 389. *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155, 157. *Cumnock* v. *Newburyport Savings Institute*, 142 Mass. 342. *Mitchell* v. *Roberts*, 17 Fed. Rep. 776. *McCalla* v. *Clark*, 55 Ga. 53. *Ball* v. *Stanley*, 5 Yerger, 199. It is said that a creditor who refuses to receive his money for a debt when lawfully tendered cannot complain at the loss of his security for that debt, because, in the words of Littleton, " it shall be accounted his own folly that he refused the money when a lawful tender of it was made unto him." Co. Lit. 207 a.

In those States where a mortgage is treated as a lien, the same principle is applied to a tender of payment of a mortgage debt after condition broken at any time before foreclosure, without a requirement of statute to that effect. *Edwards* v. *Farmers' Loan Co.* 21 Wend. 467. *Kortright* v. *Cady*, 21 N. Y. 343. *Potts* v. *Plaisted*, 30 Mich. 149. *Caruthers* v. *Humphrey*, 12 Mich. 270. *Swett* v. *Horn*, 1 N. H. 332. It is also applied to a tender of payment of a debt secured by a mechanic's lien. *Moynahan* v. *Moore*, 9 Mich. 9.

We have been referred to no precedent for holding, in accordance with the defendant's contention, that a plaintiff before bringing his suit should carry into court the money tendered, or that, having brought a suit which he had a right to bring, his right to maintain it will be forfeited unless he makes profert of money at the time of entering his writ. The rights of the parties to an action are ordinarily to be determined as of the time of bringing the suit. This is always so unless something that has afterwards occurred which may properly be pleaded is shown in defence. The Legislature could not have intended that, after a tender and refusal of payment of a debt secured by a mortgage of personal property, the title should oscillate between the mortgagor and mortgagee, according to their subsequent changes of conduct in reference to the tender. Besides, in the present case, there was no proof or offer of proof that the money was not kept ready for the mortgagee. The opinion in *Roberts* v. *White*, 146 Mass. 256, does not refer to the statute which we are considering. The question there was in regard to a tender made by a defendant in an action of replevin after the suit was brought; and the language had reference to such a

tender set up in defence, when the title and right of possession at the date of the writ were not in dispute. In the opinion of a majority of the court, the ruling requested at the trial was rightly refused. *Exceptions overruled.*