(115 So. 13)

## NOBLES v. BANK OF ECLECTIC.
### (5 Div. 939.)

Supreme Court of Alabama. Nov. 25, 1927.

Rehearing Denied Jan. 12, 1928.

1. Contracts ⬦129(1)—Contracts offering temptation to interfere with due administration of justice are void.

The law guards with jealousy every avenue to its courts, and strikes down everything in the shape of contract which may offer a temptation to interfere with due administration of justice.

2. Contracts ⬦142—Agreement to suppress or stifle prosecutions in consideration of giving notes held for jury on conflicting evidence.

Whether there was agreement, express or implied, that prosecutions would be suppressed or stifled in consideration of accused giving notes, in renewal of one of which note sued on was given, held for jury on conflicting evidence.

3. Bills and notes ⬦140—Note in renewal of note given in consideration of suppressing prosecutions is void.

If notes, in renewal of one of which note sued on was given, were executed in consideration of prosecutions against maker being suppressed or stifled, renewal note was infected with like infirmity and void.

4. Evidence ⬦383(7)—Recitals that note is renewal merely are prima facie evidence of such intent, but not conclusive against indorser not party to transaction.

Recitals on face of note that it was given and accepted as renewal merely are prima facie evidence of such intent, but not conclusive as against indorser not party to transaction.

5. Bills and notes ⬦537(8)—Whether note sued on was payment of original notes or merely renewal held for jury.

Whether new note sued on was given and accepted in payment of original notes or was merely a renewal thereof as recited in new note held for jury in action against indorser, in view of payee's conduct in carrying forward new note on bills receivable account as sole and only obligation representing such indebtedness and his belated demand on indorser for payment.

6. Trial ⬦194(12)—Charges that note sued on was not discharged, nor extinguished by renewal note, and that verdict should be for plaintiff, unless part of consideration for original note was dismissal of prosecutions against maker, held properly refused as invading jury's province.

Charges that note sued on was not discharged or canceled, nor extinguished by execution of new note, and that verdict should be for plaintiff, unless jury were reasonably satisfied that part of consideration for original note was dismissal or termination of prosecutions against maker, held properly refused as invading jury's province.

7. New trial ⬦68—Evidence held not so manifestly and palpably in favor of verdict for indorser sued on note as to justify reversal of order granting new trial.

Evidence in action against indorser on renewal note held not so manifestly and palpably in favor of verdict for defendant on issues of payment, illegal consideration, and novation as to justify reversal of order granting new trial.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action on promissory note by the Bank of Eclectic against A. S. Nobles and another. Judgment for named defendant, and from an order granting a motion for a new trial, he appeals. Affirmed.

The following requested charges were refused to plaintiff, and constitute grounds of the motion for a new trial:

"A. The court charges the jury that the note sued on in this case was not discharged or canceled."

"3. The court charges the jury that unless you are reasonably satisfied from the evidence in the case that the consideration or a portion thereof of the original note executed by H. S. Holloway, of which the note sued on is a renewal, was the dismissal or termination of prosecutions then pending against the said Holloway, your verdict should be for the plaintiff.

"4. The court charges the jury that if you believe the evidence in this case you should find for the plaintiff, unless you are reasonably satisfied from the evidence that the maker of the note sued on originally executed notes to the plaintiff, of which the note sued on is a renewal of a balance due, upon agreement on the part of the plaintiff that the indictments then pending against H. S. Holloway would be dismissed.

"5. The court charges the jury that if they believe the evidence in the case they should return a verdict for the plaintiff.

"6. The court charges the jury that if they believe the evidence in this case, the note sued on has never been discharged or extinguished."

"8. The court charges the jury that the fact that H. S. Holloway executed a note in June, 1923, in renewal of the note sued upon in this case did not operate to extinguish the note sued upon."

Huddleston & Glover, of Wetumpka, for appellant.

A bank is bound by the acts of its cashier in receiving in cash a part of the amount claimed on a promissory note to the bank and taking from the maker a new note to the bank for the remaining amount, especially where the transaction is entered on the books and no offer to rescind is made. Angell & Ames on Corp. 293; Story on Agency, §§ 92–97, 114, 115; Ryan v. Dunlap, 17 Ill. 40, 63 Am. Dec. 334; 7 C. J. 549, 552; First Nat. Bank v. First Nat. Bank, 116 Ala. 520, 22 So. 976; Hansel v. Mansfield Bank, 158 Ill. App. 127; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228. But, even if the cashier had not such authority as to bind the bank in the transaction, the bank fully ratified the acts of the cashier. Notice or knowledge of the cashier was notice to the bank. The bank is in no position to accept the cash received by the cashier and hold it with the new note and maintain this suit. Hansel v. Mansfield Bank, supra; Crawford v. Barkley, 18 Ala. 270; First Nat. Bank v. Huntsville B. & T. Co., 213 Ala. 236, 104 So. 760; Everett v. United States, 6 Port. 166, 30 Am. Dec. 584; Ala. & Tenn. R. R. Co. v. Kidd, 29 Ala. 221. The evidence was in conflict; the verdict was not opposed to the preponderance of the evidence. Corona Coal Co. v. Sexton, 21 Ala. App. 51, 105 So. 716.

Holley & Milner, of Wetumpka, for appellee.

The appellate court will not reverse the order of the trial court granting a new trial where one of the grounds of the motion was that the verdict was contrary to the evidence, unless the evidence manifestly and palpably supports the verdict. Smith v. Tombigbee & N. R. Co., 141 Ala. 332, 37 So. 389; Wood v. Empire Laundry Co., 14 Ala. App. 144, 68 So. 584. When a debtor gives his own security, of no higher order, for a pre-existing debt, it is considered, in absence of agreement, as collateral security, which does not operate as extinguishment of original debt. Anniston L. & T. Co. v. Stickney, 108 Ala. 146, 19 So. 63, 31 L. R. A. 234; Lee v. Green, 83 Ala. 491, 3 So. 785; First State Bank v. Lang, 55 Mont. 146, 174 P. 597, 9 A. L. R. 1139; Ann. Cas. 1915A, 1084; 3 R. C. L. 507. Entries in books of the bank do not overcome the presumption that the renewal note was accepted as conditional payment only. State Bank v. Tel. Co., 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082. The cashier of a bank has no implied authority to accept a renewal note in payment of the original, so as to release the parties to the latter. First State Bank v. Lang, supra; 1 Michie's Banks & Banking, 739–741; Bank v. Wetzel, 58 W. Va. 1, 50 S. E. 886, 70 L. R. A. 305, 6 Ann. Cas. 48; Ecker v. Bank, 59 Md. 291; 3 R. C. L. 448. The acquiescence of the directors of the bank to the act of the cashier cannot be inferred from the entry in the books of the bank or retention of payment made at the time. Gray v. Bank, 81 Md. 631, 32 A. 518; Bank v. Wetzel, supra.

BROWN, J. The appeal here is by the defendant from the order of the trial court granting plaintiff a new trial. The suit as originally commenced was one by the payee of a promissory note against the maker and an indorser. After demurrer sustained to the complaint, it was amended by striking the name of the maker as a party defendant, and the case proceeded to judgment in favor of the other defendant.

The several defenses presented by the defendant under the general issue, pleaded in short by consent with leave, were payment, no consideration, illegal consideration, and novation, and on some of these issues the evidence was in sharp conflict, and some of the material questions rest in inferences to be drawn by the jury.

The evidence offered, so far as now material, to state its general effect, was that through taking over the assets of the Bank of Elmore, which was then in a failing condition and of which the maker of the note in suit was president, the plaintiff bank acquired certain claims arising from overdrafts made

through the Bank of Elmore. Soon after the plaintiff acquired these claims, prosecutions were instituted against Holloway, the maker of the note, for felonies alleged to have been committed by him in connection with conducting the business of said Bank of Elmore. These prosecutions were instituted through the activities of some of the plaintiff's officers or agents, and it was represented on the preliminary trial thereof by its counsel. After these prosecutions had culminated in several indictments against Holloway in the circuit court of Elmore county, notes were given by Holloway in adjustment of some of the claims, above referred to, and according to Holloway, who testified as a witness for the defendant, the consideration in part was that these prosecutions were to be suppressed.

The evidence offered by the plaintiff was to the contrary.

The note in suit was subsequently executed in lieu of one of the original notes, or in renewal thereof, and indorsed by the appellant, who waived "notice of demand, protest, and nonpayment."

On June 21, 1923, Holloway, the maker of the note, executed and delivered to the plaintiff his note covering the indebtedness represented by the note in suit, payable October 8, 1923, which, on its face, states "renewal of note of $1,080 dated October 8, 1921," and at the same time paid to the plaintiff $540 to be applied to another note indorsed by defendant, and the interest on the indebtedness represented by the note in suit until the due date of the new note. The note in suit was not delivered to Holloway, but the defendant offered evidence tending to show that the note in suit was not carried forward in the bills receivable account as an obligation due to the plaintiff, but as representing this indebtedness the new note given by Holloway on June 21, 1923, only, was carried forward on this account. So far as appears, no demand was made on the defendant, the indorser, until after Holloway made default in his obligations, as evidenced by the note of June 21, 1923, when the president of plaintiff bank, in a conversation with Nobles at his (Nobles') home, made demand on him for payment, and Nobles then stated that he understood he had been relieved of liability by plaintiff taking Holloway's personal note.

[1] The law guards with jealousy every avenue to its courts, and strikes down everything in the shape of contract which may offer a temptation to interfere with the due administration of justice. 6 R. C. L. 757, 758, §§ 165–167.

[2, 3] Under the evidence in this case it was a question for the jury as to whether there was an agreement, express or implied, that in consideration of Holloway giving the original notes the prosecutions against him would be suppressed or stifled. If the jury so found, the note in suit given in renewal of one of such notes was infected with like infirmity and is void. The question argued, as to the authority of the cashier of the bank in accepting Holloway's note of June 21, 1923, and the effect of this transaction, standing alone, on the defendant's liability, is not presented by exceptions reserved to the evidence, nor by instructions requested and refused to appellant, or given for appellee, and is at most only incidentally involved as related to the general effect of the evidence as a whole.

[4, 5] The appellant was not a party to the transaction in which the note of June 21, 1923, was taken from Holloway, and while the recitals in the face of the note are prima facie evidence of the intention of the parties thereto, that it was given and accepted as a renewal merely, it is not conclusive as against the appellant; but when these recitals are considered in connection with the subsequent conduct of the plaintiff in carrying forward the new note on the bills receivable account as the sole and only obligation representing this indebtedness, and the belated demand on the appellant for payment, it was for the jury to say whether the acceptance of the new note was given in payment or was merely a renewal.

In Keel v. Larkin, 72 Ala. 493, the law was declared to be that:

"Whether a new security of no higher nature, executed by a debtor, is taken in payment and discharge of a pre-existing debt, for which it is given, is a question of intention. * * * The giving of the debtor's own note or bill, even though negotiable, does not, according to what is deemed the better doctrine, as settled in this state, operate to discharge such debt, unless accepted in absolute payment. Prima facie, it is considered only as collateral, or additional security; but all the authorities are 'in harmony as to the proposition that by express agreement it may be regarded as a satisfaction and a bar.' Day v. Thompson, 65 Ala. 269.

"We are also clearly of the opinion, that it may as well be proved likewise by an implied agreement of the contracting parties. Both express and implied contracts are founded upon the actual agreement of the parties, the only distinction between them being as to the mode of proof, or evidence by which they are substantiated. Story on Contr. § 11. There are, no doubt, some cases so free from ambiguity, or opportunity for inference, as that a court could legally presume such intention; but, in all cases of doubt, it is well settled to be a matter proper for the determination of a jury, who would have a right to consider all the relevant circumstances of the case throwing any light upon the question of intention."

The doctrine of that case has been recently reaffirmed. Morgan Paving Co. v. Carroll, 211 Ala. 121, 99 So. 640.

[6] We deem the foregoing sufficient to indicate that we are of opinion the charges

requested by the plaintiff and refused by the court were properly refused; if, for no other reason, they invaded the province of the jury.

[7] One of the grounds of the motion for a new trial was that the verdict was contrary to the evidence. After full review of the record, while as we have shown there was evidence justifying the verdict, yet, after mature reflection, we are not satisfied that the evidence is so manifestly and palpably in favor of the verdict as to justify a reversal of the order of the circuit court granting the new trial. Smith v. Tombigbee & Northern Ry. Co., 141 Ala. 332, 37 So. 389; Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.