(132 So. 889)

**GREEN, Superintendent of Banks, v. NABORS.**

**6 Div. 842.**

Supreme Court of Alabama.
March 5, 1931.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

Jos. E. Robinson, of Birmingham, for appellee.

GARDNER, J.

The suit is upon a note executed by defendant in the sum of $225, bearing date August 30, 1928, and due November 28th following, payable to Woodlawn Savings Bank, the affairs of which are being administered by the state superintendent of banks.

The defense, was payment by the execution of a renewal note. "It is the settled doctrine in this state that, when a debtor gives his own security of no higher nature for a pre-existing debt, it is considered, in the absence of an agreement, express or implied, as collateral or additional security, or a conditional payment, which does not operate an extinguishment of the original debt, but an extension of the time of payment." Lce v. Green, 83 Ala. 491, 3 So. 785, 786. "The renewal of a bill or note is not in general payment." Anniston Loan & Trust Co. v. Stickney, 108 Ala. 146, 19 So. 63, 64, 31 L. R. A. 234.

It is a question of intention to be deduced from all the facts and circumstances of the case. Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 411, 67 So. 235.

That the execution of the renewal note was in full payment of the original may be shown by evidence disclosing an implied agreement to that effect, as well as by express agreement, was expressly declared in Keel v. Larkin, 72 Ala. 493, the court saying: "Both express and implied contracts are founded upon the actual agreement of the parties, the only distinction between them being as to the mode of proof, or evidence by which they are substantiated." To like effect are our more recent decisions. J. F. Morgan Paving Co. v. Carroll, 211 Ala. 121, 99 So. 640; Nobles v. Bank of Eclectic, 217 Ala. 124, 115 So. 13. The burden of proof as to payment was of course upon the defendant.

In view of the insistence of appellant that the affirmative charge was due to be given at his request, a brief consideration of the salient features of the evidence is appropriate.

Defendant's original indebtedness to the bank was $1,000, which was reduced by payments from time to time until on August 30, 1928, he was due $225, evidenced by the note sued upon. As he would make the payments he would also execute a renewal note for the balance due, and the bank would "invariably" then return to defendant the old note marked "paid." About the due date of the note here sued upon, defendant mailed to the bank a check for $29, representing $25 payment on the principal and $4 interest. At the same time and accompanying the

check, he forwarded a renewal note for $200. Later defendant sent another check, accompanied by a note for $175, the check being for $28.50, representing $25 payment on the principal and $3.50 interest. The renewal note for $175 was sent with this check due also in ninety days. Appellant argued there is no proof that renewal notes were in fact given and received by the bank. The checks were received and credit given for the amounts. Defendant testifies these renewal notes accompanied the checks, that he wrote for their return and receiving no favorable response, called in person and asked the cashier and vice president of the bank, Miss Gribbon, in reference thereto, who looked in the file, and stated she could not find them. Miss Gribbon testified for the plaintiff in rebuttal, but made no denial of defendant's evidence in this respect. Indeed, a careful review of the testimony fails to disclose wherein defendant's evidence was denied in any respect, and from his testimony the jury may reasonably infer, not only that these renewal notes were forwarded by defendant with his payment checks, and received by the bank, but that there was an implied agreement that the renewal was in payment of the old note which would be returned marked "paid," as had been the uniform course of dealing between the parties.

Defendant does not deny that he is due some one the balance as shown on the books of the bank, but he is solicitous (and justly so from his proof) in regard to these renewal notes outstanding, which may yet appear in the hands of some innocent third party.

We are persuaded a jury question was presented, and the affirmative charge properly refused.

The two charges given for defendant were on the question of payment, and what has been said in the foregoing discussion is sufficient to disclose our conclusion that no reversible error was here committed and that assignments of error 4 and 5 are not well taken.

The rule governing this court in the review of the action of the trial court, who saw and heard the witnesses, in denying a motion for a new trial, is well understood and needs no repetition here. Suffice it to say we are not convinced that this ruling of the court should be here disturbed.

Finding no error to reverse, the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.