18 So.2d 405

### COOK v. BENTON et al.

#### 2 Div. 192.

Supreme Court of Alabama.
March 2, 1944.

Rehearing Denied June 22, 1944.

Pitts & Pitts and Keith & Wilkinson, all of Selma, for appellant.

Watkins M. Vaughan, of Selma, for appellees.

LIVINGSTON, Justice.

The bill of complaint seeks the specific performance of an agreement to convey, in accordance with its terms, certain lands described therein, or, in the alternative, to declare a deed conveying the lands to respondent a mortgage, and to redeem. Demurrers to the bill as a whole, and to each aspect thereof, were overruled. Respondent appeals.

On March 12, 1941, complainant Margaret H. Benton, and her husband, Harmon Benton, executed and delivered to respondent, T. E. Cook, a deed conveying certain lands owned by Margaret H. Benton in Perry and Marengo Counties, subject to two outstanding mortgages on the property. Contemporaneously with the delivery of the deed, the parties entered into an agreement in writing, which is attached to and made a part of the bill, whereby the said T. E. Cook agreed to reconvey to Margaret H. Benton, or to convey to any person named by her, all the property conveyed by the deed upon payment of the amount due Cook, with interest, subject to the two outstanding mortgages.

On February 24, 1942, Margaret H. Benton notified T. E. Cook by registered mail that she was ready to comply with the terms and provisions of the agreement, and designated Henry W. Hudson as the person named by her to whom the property was to be conveyed, and requested Cook to designate a time and place for the parties to meet and make a settlement. The bill further alleges, in substance, that the agreement provided, that unless Margaret H. Benton, on or before March 11, 1942, exercised the rights conferred by the agreement, such rights would be lost: that she has made every effort to comply with the terms of the agreement, and that Cook has failed or refused, and still fails or refuses to meet complainant or designate a place where she may perform the agreement, and that such failure or refusal on the part of Cook is for the purpose of preventing complainant from performing the agreement according to its terms, and within the time provided therein in order to work a forfeiture of complainant's rights thereunder.

Complainant filed her bill in the Circuit Court, in equity, of Perry County, Alabama, on March 6, 1942, making tender to the register of the amount claimed by her to be due Cook, and further offers to do equity. Henry W. Hudson is joined as a party complainant.

Appellant contends that Margaret H. Benton is neither a necessary nor a proper party to the bill of complaint, in that she is not entitled to any relief, having sold the real estate in question to Hudson.

■ The general rule is that persons whose rights are directly and necessarily affected by the decree, and are materially interested in the subject matter of a suit, in equity, must be made parties. Turnipseed v. Blan, 226 Ala. 549, 148 So. 116; Travelers' Fire Ins. Co. v. Young, 225 Ala. 671, 145 So. 140; Ex parte Wilkinson, 220 Ala. 529, 126 So. 102; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Perkins v. Brierfield Iron & Coal Co., 77 Ala. 403; Wilkinson v. May, 69 Ala. 33.

■ From the allegations of the bill Margaret H. Benton was indebted to Cook for the amounts paid by him to forestall foreclosure of the two outstanding mortgages executed by Mrs. Benton conveying her property—the property here involved. She was also liable to the mortgagees for the payment of the balance due on the debts secured by said mortgages. She was therefore a necessary party to the suit.

■ Henry W. Hudson was the person designated by Margaret H. Benton to whom Cook was to convey the lands upon compliance by her with the terms of the agreement, and there was no obligation to be performed by Hudson to Cook, hence no necessity for Hudson to offer to do equity. It is of no interest to Cook who performs the agreement so long as he cannot be injured thereby. This ground of demurrer was properly overruled.

The bill alleges "that the deed executed by Margaret H. Benton and husband to T. E. Cook * * * was not in reality a conveyance of an indefeasible estate in fee simple in and to said property described therein, but the title conveyed was defeasible by the said Margaret H. Benton paying on or before March 11, 1942, the amount then due said T. E. Cook, and complying with the terms of said contract."

■ A mortgage conveys an estate or title defeasible on the performance of a condition subsequent. Weeks v. Baker, 152 Mass. 20, 21, 24 N.E. 905. For other definitions, see 47 Corpus Juris, section 1, pages 273, 274, and cases cited in notes.

■ The quoted allegation is in legal effect an allegation that the deed was executed and delivered as security for the payment of the debt due by Mrs. Benton to Cook, and is sufficient under that aspect of the bill which seeks to have the deed declared a mortgage, and that aspect was not subject to any ground of demurrer interposed thereto.

The trial court correctly overruled the demurrers to the bill as a whole, and to each aspect thereof.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.