237 So.2d 460

Susie W. JONES

v.

Emma W. BUTLER.

6 Div. 599.

Supreme Court of Alabama.

July 2, 1970.

Harry Asman, Birmingham, for appellee.

Dempsey F. Pennington, Birmingham, for appellant.

LIVINGSTON, Chief Justice.

The record in the above case presents an appeal from a judgment for plaintiff (appellee) in a statutory ejectment suit to recover possession of a small area of land (with improvements). The suit was filed in the Circuit Court of Jefferson County and heard by the trial court without the aid of a jury.

We make reference to pertinent facts. In August, 1962, defendant (appellant here) purchased the subject property (the South 50 feet of the East 140 feet of the North Half of Block 42 according to the Walker Land Company's survey near Elyton in Jefferson County, Alabama, from plaintiff (appellee), Emma W. Butler, who prior to the sale to appellant had mortgaged the same for $16,800.00 to Burchwell

Company, Inc. This note and mortgage were duly transferred and assigned to Guaranty Savings and Loan Association.

Appellee sold this property to appellant, and as a part of the consideration for the deed conveying said property to her, appellant assumed and agreed to pay the mortgage debt of $16,800.00 assigned to Guaranty Savings and Loan Association. Also, in consideration of said conveyance by deed to her, appellant executed and delivered to appellee a (second) mortgage on said land for $6,000.00 to secure a promissory note of $6,000.00, a part of the purchase price, payable at the monthly rate of $45.12, beginning September 1, 1962. Appellee contends that only six of these notes were paid when appellee began foreclosure proceedings of said purchase money mortgage of $6,000.00. Some more payments were made after foreclosure.

■ Appellee introduced in evidence in the ejectment suit the original note for $6,000.00 and the mortgage securing the same. This introduction of the note cast on appellant the burden of proving payment. Kilgore v. Arant, 25 Ala.App. 356, 146 So. 540, 541; Green v. Nabors, 222 Ala. 367, 132 So. 889; Selma Compress Co. v. Parker, 38 Ala.App. 628, 91 So.2d 240.

The evidence, as viewed by the nisi prius court and here, supports appellee's contention that appellant did not keep up payment of the installments on the $6,000.00 note, but made default. Upon such default, appellee, after notice to appellant, proceeded to foreclose the mortgage given to secure the $6,000.00 installment note. It appears that the foreclosure was regular and advertised for three successive weeks in a newspaper published in Jefferson County, Alabama, where the mortgaged real estate was located. Title 47, Section 171, Code 1940, Recompiled in 1958.

At the sale under the mortgage, appellee, the mortgagee, became the purchaser for $4,000.00, which sum was credited on the purchase money note for $6,000.00. The auctioneer executed and delivered to appellee a mortgage foreclosure deed to the property.

■ We here note that when this, the original mortgage and foreclosure deed, or certified copies of the record thereof, were introduced in evidence, coupled with proof of demand for possession, and failure to deliver possession, such introduction made out a prima facie case for appellee in the ejectment trial. Title 62, Sec. 129, Code 1940, Recompiled in 1958; Act No. 327, General Acts 1931, p. 370; Ex.Sess.1933, pp. 122, 183.

■ The execution and delivery by appellee of her note and mortgage to Burchwell & Company conveyed to said mortgagee appellee's legal title to the property subject to the conditions of said mortgage. R. W. Allen & Co. v. Sands, 216 Ala. 106, 112 So. 528, 529; Cook v. Benton, 245 Ala. 683, 18 So.2d 405.

■ Mortgagor, Mrs. Butler, having retained possession of the subject property which she mortgaged to Burchwell & Company (as the evidence shows) was possessed of legal title against all the world except Burchwell & Company, or its assignee. Cowart v. Aaron, 220 Ala. 35, 123 So. 229, 230; Hamilton v. Griffin, 123 Ala. 600, 26 So. 243; Allen v. Kellam, 69 Ala. 442. Mortgagor, Mrs. Butler, conveyed this title to appellant, who in turn reconveyed the title when she executed and delivered the (second) mortgage to secure the purchase price or purchase money note of $6,000.00. R. W. Allen & Co. v. Sands, supra.

■■ This mortgage, as we have noted above, was foreclosed and appellee purchased the mortgage property at such foreclosure sale. This foreclosure gave appellee a right to immediate possession of the property, if she did not already have the same, against all the world except the holder of the first mortgage. Suit in statutory ejectment in exercise of this right of immediate possession was proper and avail-

**72**

able to appellee. Title 7, Sections 937 and 938, Code 1940, Recompiled in 1958; Cofer v. Schening, 98 Ala. 338, 13 So. 123; Slaughter v. McBride and Latimer, 69 Ala. 510.

Appellant contends that she had leased part of the subject property to a tenant who was in possession and not joined as a party to this suit; that such joinder was an absolute essential in this possessory action, citing Title 7, Sec. 939; Ex parte Mason, 213 Ala. 279, 104 So. 523; Morris v. Beebe, 54 Ala. 300; Leath v. Cobia, 175 Ala. 435, 57 So. 972; 19 C.J. p. 1097, Sec. 101; 28 C.J.S. Ejectment § 52.

■ Here, appellant filed a plea of the general issue. Appellant in her "Statement of the Case," says in her brief: "Defendant filed her plea of General Issue." Such a plea in an action as here is "not guilty," and is an admission that defendant (appellant) is in possession of the premises sued for. Title 7, Sec. 941, Code 1940, Recompiled in 1958; Seaboard Air Line Ry. Co. v. McFry, 221 Ala. 296, 128 So. 239.

■ This admission of possession made irrelevant and immaterial appellant's contention that a portion of the subject premises was leased, at the time of suit, to another who was in possession at such time. Appellant did not file a disclaimer as authorized by Title 7, Sec. 942, Code 1940, Recompiled in 1958. The contention here that another was in possession of a part of the premises at the time of suit is without merit.

■ If after foreclosure of the mortgage and the delivery of the foreclosure deed, appellant made delayed payments to appellee on the mortgage debt, which appellee accepted, such payments are not available in this suit as a defense, but, if available at all, would be in a court of equity, as effecting statutory redemption or some other status.

There is no merit in appellee's motion to affirm or dismiss the appeal in this cause because appellant failed to comply with the mandates of Revised Rule 1, 279 Ala. p. XXIII, requiring that " * * * each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded." The record shows that on the date of submission of this cause appellant complied with the above rule by listing the pages where the rulings were recorded in the transcript.

We find that the argued assignments of error are without merit and hold that the judgment of the trial court should be affirmed.

Affirmed.

SIMPSON, BLOODWORTH and McCALL, JJ., concur.

COLEMAN, J., concurs in the result.