BRYAN, Judge.
 

 Katrenia Thompson (“Katrenia”), one of the defendants below, appeals from a partial summary judgment in favor of Wacho-via Bank, National Association (“Wacho-via”), the plaintiff below. We reverse and remand.
 

 On October 1, 2007, Wachovia sued Ka-trenia and her siblings, Terrell Jones and Wanda Mitchell, in the Jefferson Circuit Court, stating a claim of ejectment. As the factual basis of its claim, Wachovia alleged that it had foreclosed on a mortgage on a home located at 2600 15th Street West in Birmingham (“the property”); that it had purchased the property at the foreclosure sale; that it had subsequently demanded that the mortgagors, Katrenia, Jones, and Mitchell, surrender possession of the property within 10 days; and that Katrenia, Jones, and Mitchell had not surrendered possession of the property within 10 days after Wachovia’s demand for possession. As relief, Wachovia sought possession of the property; a determination that Katrenia, Jones, and Mitchell had forfeited their statutory right of redemption by their alleged failure to surrender possession of the property within 10 days after Wachovia had made its demand; and
 
 *1155
 
 damages for the alleged wrongful detention of the property by Katrenia, Jones, and Mitchell after the foreclosure sale. Wachovia subsequently amended its complaint to add Cary Thompson as an additional defendant and to allege that Cary Thompson was also an occupant of the property and that he also had failed to surrender possession of the property in response to Wachovia’s demand.
 

 Katrenia and Mitchell, acting pro se, sent the trial court letters in response to Wachovia’s complaint. Neither Jones nor Thompson responded to the complaint. On December 4, 2007, the trial court entered a default judgment in favor of Wa-chovia and against all the defendants; however, because Katrenia and Mitchell had responded to Wachovia’s complaint by sending the trial court letters, the trial court subsequently set aside the default judgment with respect to them.
 

 On April 1, 2008, Wachovia moved the trial court for a partial summary judgment against Katrenia and Mitchell insofar as Wachovia claimed (1) that it was entitled to possession of the property and (2) that Katrenia and Mitchell had forfeited their statutory right of redemption by failing to vacate the property within 10 days after Wachovia had demanded possession. In support of the motion, Wachovia submitted an affidavit signed by Kimberly Ralston in which she stated that she was an agent of Wachovia who had knowledge concerning the account of Katrenia, Jones, and Mitchell; that Ameriquest Mortgage Company, which had held a mortgage on the property, had assigned its rights under the mortgage to Wachovia; that Wachovia had foreclosed the mortgage on September 24, 2007; that Wachovia had become the owner of the property by virtue of its purchasing the property at the foreclosure sale; that Wachovia, on September 25, 2007, had sent Katrenia, Jones, and Mitchell a letter demanding that they surrender possession of the property within 10 days in accordance with § 6-5-251, Ala.Code 1975; and that Katrenia, Jones, and Mitchell had failed to surrender possession of the property.
 
 [1]
 
 The affidavit also authenticated copies of the foreclosure deed conveying the property to Wachovia and the letter demanding possession of the property, which were attached to the affidavit.
 

 On May 8, 2008, Katrenia, now represented by an attorney, filed an amended answer asserting as an affirmative defense that “[Wachovia] is without legal title to the property due to defective.notice, defective sale, and . wrongful foreclosure. Therefore, said foreclosure sale and deed are void and due to be set aside and held for naught.”
 

 On May 9, 2008, the trial court entered a partial summary judgment against Katre-nia and Mitchell due to their failure to file any evidence in opposition to Wachovia’s partial-summary-judgment motion. However, that same day, Katrenia’s attorney filed a. Rule 56(f), Ala. R. Civ. P., affidavit in opposition to-Wachovia’s-partial-sum-mary-judgment motion in which he stated
 
 *1156
 
 that he needed discovery to obtain evidence to prove that the foreclosure was not valid. On May 14, 2008, Katrenia moved the trial court to set aside the partial summary judgment entered against her on May 9 on the ground that she had not received notice of the hearing on the partial-summary-judgment motion, and, on May 29, 2008, the trial court granted that motion. The trial court also granted Ka-trenia leave to conduct discovery regarding the validity of the foreclosure.
 

 On August 14, 2008, Katrenia filed a response to Wachovia’s partial-summary-judgment motion in which she asserted that Wachovia had failed to establish that it was entitled to possession of the property because, she said, it had not proved that it had properly foreclosed the mortgage on the property. Specifically, she asserted that Wachovia had not properly foreclosed the mortgage because, she said, the mortgage required that Wachovia give her notice of the default in payment of the debt secured by the mortgage, notice of the acceleration of that debt, and notice of the foreclosure and Wachovia had failed to give her such notice. In addition, she asserted that Wachovia was not entitled to possession of the property because she had not received a demand for possession from Wachovia following the foreclosure. Ka-trenia supported her response to Wacho-via’s partial-summary-judgment motion with an affidavit in which she stated that she had not received notice of the default in the payment of the debt, notice of the acceleration of the debt, notice of the foreclosure, or a demand for possession of the property before she was served with process in Wachovia’s ejectment action.
 

 In addition to her affidavit, Katrenia submitted a copy of an adjustable-rate promissory note (“the promissory note”) dated November 8, 2005, in which only Jones and Mitchell had promised to pay Ameriquest principal in the amount of $60,000 together with interest; a mortgage (“the mortgage”) dated November 8, 2005, in which Katrenia, Jones, and Mitchell had granted Ameriquest a mortgage on the property in order to secure the payment of the promissory note; a letter sent by attorney J. Steven Mobley (“the Mob-ley letter”) by facsimile transmission to Specialized Loan Servicing, LLC, the entity authorized by Wachovia to service the mortgage, on March 5, 2007; and an agreement between Jones and Mitchell, on the one hand, and Specialized Loan Servicing, on the other, dated March 7, 2007 (“the forbearance agreement”). The Mob-ley letter stated that Mobley represented Jones; that Jones had learned that Specialized Loan Servicing had scheduled a foreclosure sale of the property for March 19, 2007; and that Jones had not been aware that the mortgage was in default until he received a letter dated February 16, 2007, from the law firm of Sirote & Permutt. The Mobley letter requested that the foreclosure sale be suspended so that Jones could make arrangements to pay the past-due payments on the mortgage. The forbearance agreement evidenced an agreement by Specialized Loan Servicing to suspend the foreclosure sale in consideration of Jones’s and Mitchell’s agreeing to pay the past-due mortgage payments in 12 installments. Jones and Mitchell also agreed that they had received the notice of default and the notice of the foreclosure sale required by the mortgage and that, if they defaulted in making the payments due under the forbearance agreement, Specialized Loan Servicing could sell the property at a foreclosure sale without giving them any further notice.
 

 Thereafter, the trial court held a hearing on Wachovia’s partial-summary-judgment motion. At the hearing, Wachovia argued that, although Katrenia denied being given
 
 *1157
 
 the notice required by the mortgage as a prerequisite to foreclosure, the mortgage provided that notice to any of the mortgagors constituted notice to all of them and that Wachovia had given Jones and Mitchell the notice required by the mortgage as a prerequisite to foreclosure. Katrenia then moved the trial court for a continuance of the hearing so that she could obtain affidavits from Jones and Mitchell, and the trial court granted her motion. Thereafter, Katrenia filed affidavits signed by Jones and Mitchell in which they denied receiving any notice that Wachovia was accelerating the debt or foreclosing the mortgage and denied receiving a demand for possession of the property. Wa-chovia moved the trial court to strike the affidavits of Mitchell and Jones, but the trial court did not rule on that motion.
 

 Following another hearing on Wacho-via’s partial-summary-judgment motion, the trial court entered an order granting that motion. In pertinent part, that order stated:
 

 “The said mortgage requires the following notice be given in the event of default in payments and acceleration of the mortgaged indebtedness:
 

 “ ‘22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 80 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to accelerate and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law....
 

 “
 
 ‘If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 15
 
 .... ’ (emphasis added [by trial court]).
 

 “Section 15 of the said November 8, 2005 mortgage provides the following:
 

 “ ‘15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower
 
 when mailed by first class mail
 
 and when actually delivered to Borrower’s notice address if sent by other means.
 
 Notice to any one Borrower shall constitute notice to all Borrowers,
 
 unless Applicable Law expressly require otherwise.
 
 The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower’s change of
 
 address.’ (emphasis added [by trial court]).
 

 “On June 10, 2007, certified mail notice was attempted on Defendants Terrell Jones and Wanda Mitchell at the Property Address, that the said note and mortgage was in default due to the failure of the said Defendants to pay the March 1, 2007 installment payment and
 
 *1158
 
 all monthly payments accruing since that date. The said letter included all the items of notice required by Paragraph 22 of the said mortgage cited hereinabove. The said letter was returned by the U.S. Postal Service marked ‘unclaimed’ after three attempted deliveries on May 18, 23 and June 3, 2007.
 

 “On July 10, 2007, a second attempted certified mail notice was made on Defendants Terrell Jones and Wanda Mitchell at the said Property Address, notifying them of the default in payments and intent to accelerate the debt. The said letter stated that a failure to cure the default by remitting $4,806.07 by August 12, 2007 could result in acceleration of the entire debt and the commencement of foreclosure proceeding. However, after three attempts on July 11,16 and 26, 2007, this certified letter was returned as well, marked ‘Unclaimed’ to the sender, Specialized Loan Servicing, LLC. On August 17, 2007, the law firm, Sirote & Permutt, PC issued first class mail to Defendants Terrell Jones, Wanda Mitchell and Kat[re]nia Thompson directed at two addresses, 3320 Ridge Manner Drive, Apt #2- and 2600 15th Street West, the Property Address. The August 17, 2007 letter purportedly notified [Katrenia, Jones, and Mitchell] that the assignee of the mortgage, Plaintiff Wa-chovia Bank, NA, accelerated the debt and the amount needed to cure the default would be $66,164.09. The said August 17, 2007 letter was also a notice to the Defendants that Plaintiff was invoking the power of sale by instituting foreclosure proceedings and a date for the foreclosure, September 24, 2007, was specified in the said letter. The foreclosure sale was conducted on that said date, which is also the date of the execution of the Foreclosure Deed.
 

 “In this regard, the August 17, 2007 attorney letter, sent by First Class Mail, was different in content from the previous notices, which were attempted to be delivered by certified mail by the holder’s authorized representative, Specialized Loan Servicing, Inc. The previous notices were notices of intent to accelerate the debt unless the arrearage specified in the letter was paid, under terms and conditions defined in Paragraph 22 of the said mortgage. The notice further stated that a possible consequence of failing to cure the default would be the institution of foreclosure proceedings. However, the August 17, 2007 attorney letter was the notice of intent to foreclose. While not adequate notice of intent to accelerate, the letter does meet the requirements of notice to exercise the power of sale. Paragraph 22 specifically provides, ‘If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 15.’ Section 15 provides that notice to one Borrower is considered to be notice to all when delivered to the Property Address, or to any alternative address for which Borrowers have previously notified [the Lender] to direct notices, and when the subject of the notice is the Lender’s intent to exercise its power of sale. The record before the Court is that [Katrenia, Jones, and Mitchell] did not apprise [Wachovia] of any alternative address and in fact, the affidavit of Katrenia Thompson positively avers that she resides at the said property address and has so resided continuously since February 22, 1995 when her mother passed away and [Ka-trenia] moved into the residence to care for her elderly father, Joseph Jones.
 

 “These correspondences from [Wacho-via] and/or its authorized representative are not the only notices that [Katrenia, Jones, and Mitchell] received regarding
 
 *1159
 
 their default on the said note and mortgage and of the intent of [Wachovia] and/or its predecessors in interest to take action under the terms of the said mortgage.
 

 “The Court has reviewed correspondence from the law offices of J. Steven Mobley to an entity named Specialized Loan Servicing, dated March 5, 2007, 4 days after [Jones and Mitchell’s] failure to make their March 1, 2007 installment payment. The said letter makes specific reference to the note and mortgage referenced hereinabove and of the circumstances whereby said indebtedness was created. The letter states:
 

 “‘Mr. Jones and his sisters were to pay an equal amount on the mortgage which would allow Kat[re]nia Thompson to live in their deceased parents’ home. The letter dated February 16, 2007, from the law office of Sirote & Permutt was the first indication that the mortgage on the property was not being paid by Kat[re]nia Thompson.’
 

 “Counsel for Defendants, in the March 5, 2007 correspondence, requested that a sale of the said mortgaged property, scheduled to take place on March 19, 2007, be ‘set aside until such time as an affordable plan to get current with past due mortgage payments can be implemented.... ’
 

 “Defendants’ counsel’s efforts bore fruit in that on March 7, 2007, a new agreement was reached styled: Repayment Agreement (Foreclosure) By and Between Specialized Loan Servicing, LLC and Terrell Jones and Wanda Mitchell. The said agreement referenced a loan number, ... which was referenced in the June and July 2007 certified letters notifying Defendants of post-March 1, 2007 defaults in payments of the said loans. The Court is thus satisfied that the March 7, 2007 agreement pertains to the same note and mortgage agreements that are before it in this action.
 

 “The said agreement recites that foreclosure proceedings had begun on February 2, 2007, but that the loan servicing firm, as authorized representative of the holder of the mortgage, was willing to forebear on exercising its principal’s right under the note and mortgage, under the terms and conditions specified in the March 7, 2007 agreement.
 

 “The said agreement provided the following with regard to the Defendants’ admissions and future notice of the Lender’s exercising its power of sale:
 

 “ ‘2. Borrower’s Admissions. Borrower hereby admits that the amounts owed by the Borrower to the Servicer as stated above are fully accurate and valid charges under the Loan Documents and Borrower has no defenses, offsets, or counterclaims of any nature whatsoever to the enforceability of the Loan Documents, such stated amounts, and the pending foreclosure proceeding....
 

 “‘6. Status of Default. The parties acknowledge that the Borrower has been notified of Borrower’s default under the Loan Documents, that the loan has been accelerated, if applicable, and that a 30-day demand letter was mailed to the Borrower on December 19, 2006.
 
 The demand letter and all foreclosure notices already issued shall remain in full force and effect
 
 until such time as the Borrower becomes completely current in Borrower’s loan payments, fulfills all of Borrower’s obligations pursuant to this agreement, and cures all of Borrower’s default(s) under - the Loan Documents.
 
 In the event of Borrower’s default pursuant to the terms of this Agreement, the Premises may he
 
 
 *1160
 

 sold at a foreclosure sale
 
 for the unpaid balance of the monies due Servi-cer at the earliest available date,
 
 without further notice to Borrower.’
 
 (emphasis added [by trial court]).
 

 “The said agreement was signed by Defendants Terrell Jones and Wanda Mitchell on March 14, 2007, and by Specialized Loan Servicing, LLC on March 30, 2007.
 

 “[Katrenia] argues in opposition to [Wachovia’s] motion for summary judgment that the foreclosure process, by which [Wachovia] acquired a foreclosure deed and the immediate right to possession thereunder, was defective in that Defendants did not receive proper notice of acceleration under the terms and conditions of the said mortgage.
 

 “The Court finds that [Wachovia’s] complaint does not seek recovery of the accelerated amount of its debt, but possession along with damages for wrongful retention of possession of the said real property since the time of default and foreclosure. Whether there is defective notice to accelerate the debt, the Court finds to be irrelevant to this action.
 

 “The notice to which the Court’s attention is directed is the notice to exercise the power of sale, that is, the notice to institute foreclosure proceedings which is the means by which [Wachovia] seeks the remedy of ejectment of Defendants from possession. Under the terms of the mortgage, said notice to one of the Borrowers is considered to be notice to all Borrowers. Defendant Kat[re]nia Thompson being one of the 3 Borrowers, notice to Defendant Mitchell and Defendant Jones, constitutes constructive notice to Defendant [Katrenia] Thompson. ,
 

 “The March 7, 2007 forbearance agreement between [Wachovia’s] authorized representative, Specialized Loan
 

 Servicing, LLC, and two of the Defendants, Terrell Jones and Wanda Mitchell, modifies] the notice terms of the said mortgage note by specifying that the notice which said Defendants had already received dating back to December 19, 2006 ‘shall remain in full force and effect’ and that no further notice would be required in the event of a default under the terms of the said March 7, 2007 forbearance agreement.
 

 “Defendant Kat[re]nia Thompson had constructive notice through the notice provided to her co-mortgagees, Defendants Jones and Mitchell, by operation of the terms of the March 7, 2007 forbearance agreement, and she had actual notice through the August 17, 2007 first class letter mailed to the Property Address, which is the address specified in the notice provisions of the instrument itself to which official notice is to be sent. The only way that some other address would have been proper, under the terms of the said mortgage, would be had Defendant [Katrenia] Thompson advised [Wachovia] or its authorized representative, Specialized Loan Servicing, LLC, of an alternative address. Defendant [Katrenia] Thompson’s affidavit does not so state.
 

 “Since notice to one Defendant is deemed sufficient as notice to all Defendants under the terms of the said note, the Court finds that there is no defect in the notice to exercise its power of sale with reference to. Defendant [Katrenia] Thompson.
 

 [[Image here]]
 

 “The foregoing matters and authority having been considered by the Court, the following is hereby ORDERED:
 

 “1. There being no genuine issue as to the existence of a material fact and as a matter of law [Wachovia] is entitled to a judgment, motion for summary judg
 
 *1161
 
 ment is rendered in favor of the Plaintiff [Wachovia] and against the Defendant Kat[re]nia Thompson regarding possession and the forfeiture of her right of redemption. Motion for summary judgment is hereby GRANTED.”
 

 Following entry of the order granting its partial-summary-judgment motion, Wacho-via moved the trial court to certify that order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., and the trial court did so. Katrenia moved the trial court to alter, amend, or vacate the partial summary judgment pursuant to Rule 59(e), Ala. R. Civ. P.; however, the trial court denied that motion. Katrenia then timely appealed to the supreme court, and the trial court stayed execution on the' partial summary judgment on the condition that Katrenia pay a supersedeas bond in the amount of $5,000. The supreme court subsequently transferred Katrenia’s appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
 

 On appeal, Katrenia asserts that the partial summary judgment entered by the trial court is void because, she says, the trial court lacked subject-matter jurisdiction over Wachovia’s ejectment action. Although Katrenia did not challenge the trial court’s subject-matter jurisdiction while the action was in the trial court, “ ‘ “subject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.”’”
 
 M.B.L. v. G.G.L.,
 
 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting
 
 S.B.U. v. D.G.B.,
 
 918 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn
 
 C.J.L. v. M.W.B.,
 
 868 So.2d 451, 453 (Ala.Civ.App.2003)). Our review of a challenge to a trial court’s subject-matter jurisdiction is de novo.
 
 M.B.L.,
 
 1 So.3d at 1050.
 

 Katrenia asserts that the trial court lacked subject-matter jurisdiction over Wachovia’s ejectment action because, she says, Wachovia did not have the right to immediate possession of the property on the date it commenced its ejectment action, a right that, Katrenia says, was necessary to confer subject-matter jurisdiction on the trial court. Katrenia argues that Wachovia did not have the right to immediate possession of the property on the date it commenced its ejectment action because it commenced its action on October 1, 2007, less than 10 days after it allegedly sent Katrenia, Jones, and Mitchell a letter on September 25, 2007, demanding that they surrender possession of the property within 10 days pursuant to § 6-5-251, Ala.Code 1975. Katrenia bases her argument that Wachovia did not have the right to immediate possession of the property until the expiration of 10 days after its demand on the language of § 6-5-251(a), which states that, following a foreclosure sale, “[t]he possession of the land must be delivered to the purchaser [of the property at the foreclosure sale] or purchaser’s transferees by the debtor or mortgagor if in their possession or in the possession of anyone holding under them by privity of title,
 
 within ten (10) days after written demand for the possession has been made by, or on behalf of, the purchasers
 
 or purchaser’s transferees.” (Emphasis added.) Wachovia, on the other hand, argues that, despite the language of § 6-5-251(a), it had the right to immediate possession of the property as , soon as it purchased the property at the foreclosure sale on September 24, 2007.
 

 Neither party has cited a case directly on point. In
 
 Jones v. Butler,
 
 286 Ala. 69, 237 So.2d 460 (1970), the purchaser at a foreclosure sale brought an ejectment action against the mortgagor in possession, and the supreme court.stated that when “the original mortgage and foreclosure deed, or certified copies of the record
 
 *1162
 
 thereof, were introduced in evidence,
 
 coupled with proof of demand for possession, and failure to deliver possession,
 
 such introduction made out a prima facie case for [the plaintiff who brought the ejectment action].” 286 Ala. at 71, 237 So.2d at 462 (emphasis added). Based on § 6-5-251(a) and the quote from
 
 Jones v. Butler,
 
 we conclude that Wachovia did not have a right to immediate possession of the property until 10 days after it made demand for possession of the property on September 25, 2007, and that its ejectment claim did not accrue until Katrenia, Jones, and Mitchell failed to deliver possession 10 days after Wachovia made that demand for possession. Thus, when Wachovia commenced its ejectment action on October 1, 2007, its ejectment claim had not yet accrued; that claim did not accrue until Ka-trenia, Jones, and Mitchell failed to deliver possession of the property by October 5, 2007. Consequently, the issue before us is whether Wachovia’s commencement of its ejectment action four days before its ejectment claim accrued deprived the trial court of subject-matter jurisdiction. Neither party has cited an Alabama case directly addressing this issue. However, in
 
 Blumberg v. USAA Casualty Insurance Co.,
 
 790 So.2d 1061 (Fla.2001), the Florida Supreme Court held that the proper remedy for the premature filing of an action is the abatement or staying of the action until it accrues. 790 So.2d at 1065. We find that holding persuasive. Therefore, we conclude that Wachovia’s commencing its ejéctment action four days before its ejectment claim accrued did not deprive the trial court of subject-matter jurisdiction over Wachovia’s ejectment action. Therefore, we will address the merits of the partial summary judgment entered by the trial court.
 

 ■ “This Court’s review of a summary judgment is de novo.
 
 Williams v. State Farm Mut. Auto. Ins. Co.,
 
 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.;
 
 Blue Cross & Blue Shield of Alabama v. Hodurski,
 
 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant.
 
 Wilson v. Brown,
 
 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assur. Co. of Fla.,
 
 547 So.2d 870, 871 (Ala.1989).”
 

 Dow v. Alabama Democratic Party,
 
 897 So.2d
 
 1035, 1038-39
 
 (Ala.2004).
 

 Katrenia argues, among other things, that the trial court erred in granting Wachovia’s partial-summary-judgment motion because, she says, Wachovia failed to establish the absence of a genuine issue of material fact regarding whether she was notified of the foreclosure sale.
 

 In her affidavit, Katrenia denied receiving notice of the September 24, 2007, foreclosure sale.' The trial court concluded that Katrenia had received constructive notice of the September 24, 2007, foreclosure because (1) Jones and Mitchell had agreed in the forbearance agreement that
 
 *1163
 
 they had received notice of the previously scheduled March 19, 2007, foreclosure sale; (2) Jones and Mitchell had agreed in the forbearance agreement to waive any notice of another foreclosure sale if they defaulted in paying the payments due under the forbearance agreement; and Section 15 of the mortgage provided that notice to one of the mortgagors was notice to all. However, because Katrenia was not a party to the forbearance agreement, she did not agree to waive her right to notice of the September 24, 2007, foreclosure sale pursuant to the mortgage. Thus, despite Jones’s and Mitchell’s waiver of notice of the September 24, 2007, foreclosure sale, Wachovia was still obligated by the mortgage to effect notice of that foreclosure sale on Katrenia in accordance with the mortgage. Accordingly, the trial court erred insofar as it concluded that Wacho-via effected constructive notice of the September 24, 2007, foreclosure sale on Ka-trenia by virtue of Jones’s and Mitchell’s entering into the forbearance agreement.
 

 Sections 22 and 15 of the mortgage provide that Wachovia could effect notice of the September 24, 2007, foreclosure sale on Katrenia by sending a notice of that foreclosure sale to Katrenia, Jones, or Mitchell by first-class mail addressed to the property or to any other address designated by them. The trial court concluded that Wachovia had effected such notice on Katrenia by virtue of a letter dated August 17, 2007 (“the August 17 letter”), which the law firm of Sirote & Permutt sent to Katrenia, Jones, and Mitchell by first-class mail addressed to the property. However, the record neither contains a copy of the August 17 letter nor contains any pleading or affidavit purporting to submit the August 17 letter to the trial court. It is well settled that, in ruling on a summary-judgment motion, a trial court may consider only material that is properly before it upon submission of the motion.
 
 See Ex parte Ryals,
 
 773 So.2d 1011, 1013 (Ala.2000) (“A trial court decides a motion for summary judgment upon a consideration of whatever materials are submitted in support of or in opposition to the motion. The trial court cannot consider any facts not of judicial notice except those facts evidenced by materials contained in the trial court record upon submission of the motion for summary judgment.” (citations omitted)). Because the August 17 letter was not properly before the trial court upon submission of the partial-summary-judgment motion, the trial erred in concluding that, on the basis of that letter, Wachovia had effected notice of the September 24, 2007, foreclosure sale on Katre-nia.
 

 Because Katrenia denied receiving notice of the September 24, 2007, foreclosure sale and Wachovia failed to submit evidence proving that it had effected such notice in accordance with the notice provisions of the mortgage, a genuine issue a material fact exists regarding whether Wachovia properly effected notice of the September 24, 2007, foreclosure sale on Katrenia. Consequently, a genuine issue of material fact exists regarding whether that foreclosure sale was valid and whether Wachovia had the right to possession of the property. Therefore, we reverse the partial summary judgment and remand the action for further proceedings consistent with this opinion.
 
 [2]
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In pertinent part, § 6-5-251 provides:
 

 "(a) The possession of the land must be delivered to the purchaser or purchaser’s transferees by the debtor or mortgagor if in their possession or in the possession of anyone holding under them by privity of title, within ten (10) days after written demand for the possession has been made by, or on behalf of, the purchasers or purchasers transferees.
 

 [[Image here]]
 

 "(c) Failure of the debtor or mortgagor or anyone holding possession under him or her to comply with the provisions of this section forfeits the right of redemption of the debtor or one holding possession under the debtor.”
 

 [2]
 

 . Because Katrenia's argument that a genuine issue of material fact exists regarding whether
 
 *1164
 
 Wachovia effected proper notice of the September 24, 2007, foreclosure sale on her disposes of the appeal, we pretermit discussion of the other issues she has raised regarding the merits of the partial summary judgment.